UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-RS

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

## MICROSOFT CORPORATION'S MOTION TO TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF WASHINGTON AND INCORPORATED MEMORANDUM OF LAW

Defendant, Microsoft Corporation ("Microsoft"), pursuant to 28 U.S.C. § 1404(a), hereby moves to transfer this action to the United States District Court for the Western District of Washington.[1]

### INTRODUCTION

Plaintiff TocMail, Inc.'s ("TocMail") Complaint should be dismissed because TocMail lacks standing to bring its claims against Microsoft and it fails to state an actionable claim for both false and misleading advertising and contributory false and misleading advertising under the Lanham Act, as more fully set forth in Microsoft's pending Motion to Dismiss Complaint and Supporting Memorandum of Law [ECF No. 14]. However, should TocMail's claims survive a

---

[1] Microsoft filed an unopposed motion seeking leave for an additional 5 pages beyond the 20-page limitation for memoranda of law set forth in Local Rule 7.1(c)(2) to file a combined motion to dismiss the Complaint or alternatively transfer the case to the Western District of Washington [ECF No. 12]. This motion was filed under the premise that Local Rule 5.1(a)(4) permits filings with 1.5 spaces between lines. The Court granted Microsoft's request [ECF No. 13] but also declared that "every motion, response and reply filed in this case" must be double-spaced. To comply with the Court's directives and the applicable Local Rules, Microsoft has filed its motion to dismiss separately from its alternative motion to transfer [ECF No. 14].

motion to dismiss, this action should be transferred to the Western District of Washington, where this action could have been brought, because, *inter alia*, the relevant witnesses and documents are located there, and private and public interest factors weigh in favor of transfer for the convenience of the parties.

## ARGUMENT

**I.     This Action Should be Transferred to the Western District of Washington.**

If the Court does not dismiss the Complaint, it should transfer the case to the Western District of Washington pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court." *Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002).

Whether a transfer is appropriate depends on two inquiries: 1) whether the action "might have been brought" in the proposed transferee court; and 2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Id*. On the first inquiry, TocMail could have brought this action in the Western District of Washington, which would have subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, based on TocMail's asserted Lanham Act claims, and diversity jurisdiction pursuant to 28 U.S.C. § 1332, given that TocMail and Microsoft are residents of different states. The Western District of Washington also has personal jurisdiction over Microsoft because it is incorporated in

Washington and its principal place of business is in Redmond, Washington. Compl. ¶ 10.  The first inquiry for transferring the case is therefore satisfied.

As for the second inquiry, in analyzing a motion to transfer under Section 1404(a), courts in the Eleventh Circuit consider a list of private and public interest factors.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see, e.g. Vivant Pharm., LLC v. Clinical Formula, LLC*, No. 10-21537-CIV, 2011 WL 1303218, at *7 (S.D. Fla. Mar. 31, 2011) (applying *Manuel* factors to grant motion to transfer).  There are seven private interest factors, which are: 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the weight accorded a plaintiff's choice of forum; and 7) the relative means of the parties.  *Id.*  The three public interest factors are: 1) a forum's familiarity with the governing law; 2) the connection with the chosen forum; and 3) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel*, 430 F.3d at 1135 n.1; *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1278 (S.D. Fla. 2011).  As further detailed below, the private and public interest factors militate in favor of transferring this case to the Western District of Washington if it is not dismissed.

   **A.**  **The seven private interest factors weigh in favor of transferring this case to the Western District of Washington.**

As a threshold matter, "where the operative facts underlying the action occurred outside the district in which the action is brought," as is the case here, a "plaintiff's choice of forum is given less than normal deference" and the action should be transferred. *Balloveras v. Purdue Pharma Co.*, No. 04-20360-CIV, 2004 WL 1202854, *1 (S.D. Fla. May 19, 2004) (granting transfer although plaintiff was Florida resident at home in Southern District of Florida). In this scenario, a "[plaintiff's] choice of forum is not controlling but is merely one of the factors to be

3

considered by the court in determining the most convenient forum for the case. Furthermore, where the operative facts underlying the cause of action did not occur within the forum chosen by the [p]laintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prod., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (granting transfer although plaintiff was a Florida corporation residing in Hialeah, Florida); *see also Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1267 (S.D. Fla. 2013). The locus of operative facts, as well as the location of most of the relevant witnesses, documents and sources of proof is in the Western District of Washington, which means that TocMail's selection of the Southern District of Florida is entitled to less consideration in determining whether to transfer this matter. *See Rothschild Storage Retrieval Innovations, LLC v. LG Elecs., Inc.*, No. 14-CV-22654, 2015 WL 11233067, at *3 (S.D. Fla. June 3, 2015); *Vivant Pharm., LLC*, 2011 WL 1303218 at *7.

At issue here, the advertising and marketing content for Microsoft's Office 365 Advanced Threat Protection ("ATP") cybersecurity program and its features, including Safe Links, were created in Washington, and in fact, were not created in Florida. *See* Declaration of Jason Rogers, attached hereto as **Exhibit 1**, (hereinafter, "Rogers Dec.") at ¶¶ 16-18. These advertisements and materials were widely disseminated throughout the United Sates and were not targeted exclusively towards Florida consumers. *Id.* at ¶ 18. Indeed, Microsoft's principal research and development facility in Washington is where the research, design, and developments of the Safe Links feature occurred, and the materials related thereto are most readily accessed from Microsoft's facilities in Redmond, Washington. *Id.* at ¶¶ 7, 16. The locus of operative facts is therefore in the Western District of Washington. *See Rothschild Storage Retrieval Innov.*, 2015 WL 11233067 at *3 (finding locus of operative facts was in California and outweighed plaintiff's choice of forum because "third-party witnesses, such as Google representatives, and the inventors, engineers,

4

sellers, and marketers of the product, who are all located in Northern California. No aspect of the design or development of the accused products occurred in Florida."); *In re World Wide Med. Tech. LLC*, No. 4:11-CV-614/RS-CAS, 2012 WL 1252423, at *2 (N.D. Fla. Apr. 13, 2012) (finding locus of operative facts to be in Illinois and transferring case from Northern District of Florida); *See Trace-Wilco, Inc. v. Symantec Corp.*, No. 08–80877–CIV, 2009 WL 455432, at *4 (S.D. Fla. Feb. 23, 2009) (finding transfer "would serve the interests of justice. The center of the accused activity giving rise to this case occurred in the [transferee district].").

The Western District of Washington is also a more convenient forum for the witnesses and the parties. "When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide.'" *Osgood*, 981 F. Supp. 2d at 1264. Microsoft has identified certain critical employees responsible for the creation, design, technology, development, operation of its ATP software, including Safe Links specifically. Rogers Dec. at ¶¶ 9, 12. These individuals work in Microsoft's Redmond, Washington main campus and reside in the Puget Sound (Seattle) area. *Id.* Microsoft also identified critical employees responsible for, among other things, the advertising and marketing of Microsoft's ATP services, including Safe Links. *Id.* at ¶¶ 10, 13. These individuals also reside in the Puget Sound area. *Id.* Together, these employees made key design, development marketing and sales decisions that will likely be at the center of TocMail's Lanham Act claims. Microsoft has not identified any potential witnesses who reside in Florida. *Id.* at ¶ 15.

Courts facing similar fact patterns, where a defendant has identified key employees who reside across the country, have granted motions to transfer. *See Suomen Colorize Oy v. DISH*

*Network L.L.C.*, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011) (granting motion to where "[t]he majority of [defendant's] decisions regarding marketing and sales efforts take place in Colorado … Nearly all of [defendant's] developers, sales representatives, software engineers, marketing staff and financial staff, work and live in Colorado … [defendant is] unaware of any witnesses material to this case that are located in the Middle District of Florida"); *Guidance IP LLC v. T-Mobile USA, Inc.*, No. 613CV1168ORL36GJK, 2014 WL 12521334, at *2 (M.D. Fla. Apr. 24, 2014) (granting transfer where national engineering team, location technology team, lead engineer for the product, and team members that "have provided support for [the] products in a significant capacity" are all based in Bellevue, Washington); *Motorola Mobility*, 804 F. Supp. 2d at 1277.

A fourth private interest factor is the availability of process to compel the attendance of unwilling witnesses. Microsoft has identified consultants who are not Microsoft employees and who have knowledge of the financial information, including revenues generated by sales, concerning ATP and Office 365. Rogers Dec. at ¶ 14.  These consultants reside in Redmond, Washington. *Id.*  Although these individuals may be witnesses that are critical to the fair resolution of this matter, they cannot be compelled to testify in this case because they reside outside of the 100-mile subpoena power of this Court under Rule 45(c) of the Federal Rules of Civil Procedure, but this would no longer be a concern if the case were transferred to the Western District of Washington. *Vivant Pharm., LLC*, 2011 WL 1303218 at *7 (granting transfer, despite plaintiff being at home in its chosen forum, because "nonparty witnesses, perhaps even more crucial to the fair resolution of this case, also reside in the Central District of California. The Southern District of Florida may lack subpoena power over those witnesses altogether, thus having the potential of losing key testimony."); *see also Rothschild Storage*, 2015 WL 11233067 at *2 (same).

Finally, the relevant documents and electronic files in this matter concerning the creation, design, development, technology, software services, advertising, marketing, sale, finances and revenue related to Safe Links and ATP are maintained and accessible from Microsoft's facility in Redmond, Washington. Rogers Dec. at ¶ 16.  Microsoft has not identified any documents relevant to this litigation located in the Southern District of Florida.  *Id.* at ¶ 17.  Based on the current posture of the case, it appears that the vast majority of documents and materials will likely be produced by Microsoft, such that the Court should place additional weight upon the location of Microsoft's documents in Washington. *See Suomen Colorize Oy*, 801 F. Supp. 2d at 1339 (granting transfer and finding because "the bulk of the relevant evidence" will be coming from defendant, "the place where the defendant's documents are kept weighs in favor of transfer to that location."); *Jewelmasters, Inc. v. May Dep't Stores Co.*, 840 F. Supp. 893, 896 (S.D. Fla. 1993) (same); *In re World Wide Med. Tech. LLC*, 2012 WL 1252423 at *2 (granting transfer, while recognizing that some courts view this factor neutrally "[b]ecause of the ease by which documents can be scanned and made available through electronic discovery.").

In addition to the locus of operative facts being in the Western District of Washington and the vast majority of the relevant documents and information being maintained there, transferring the case would be more convenient for the parties and key witnesses, and facilitate obtaining testimony from any potentially unwilling third-party witnesses, who are believed to reside in Washington.  The private factors therefore collectively weigh in favor of transfer to the Western District of Washington

    **B.**  **The three public interest factors likewise weigh in favor of transferring this case to the Western District of Washington.**

In the "interests of justice," courts consider three main factors: "the familiarity of the court with the applicable law, the connection with the chosen forum (in order to avoid juries having to

hear cases which are wholly unrelated to local interests), and a host of other factors relating to judicial efficiency," including relative court congestion, the forum's interest in adjudicating the dispute, the forum's interest in having localized controversies decided at home, and the burden of jury duty on the forum's community. *See Motorola Mobility*, 804 F. Supp. 2d at 1278.

The Southern District of Florida likely does not have a particular local interest in trying this case[2] such that "[t]he burden of jury duty 'ought not to be imposed upon the people of a community which has no relation to the litigation.'" *Nolan Helmets S.p.A.*, 1995 WL 789505 at *2 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 529–30 (1990)). Residents of the Western District of Washington, on the other hand, likely have more of an interest in resolving this dispute, particularly given Microsoft's long-standing presence in the Puget Sound region, and the likely interest of residents of that area in resolving disputes involving Microsoft. *See Motorola Mobility*, 804 F. Supp. 2d at 1278 ("due to the extent of Microsoft's presence in the Western District of Washington, the local interest in this case would be higher there than in this District."); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (granting transfer because the Eastern District of North Carolina had a strong local interest in the case because it "calls into question the work and reputation of several individuals residing in or near the district"). There is no overriding public interest that should compel this action to be adjudicated here, especially when there has been no substantial activity in this case to date.

In addition, while both forums are familiar with the Lanham Act, the Western District of Washington is a more appropriate forum for this dispute because Microsoft has litigated a

---

[2] "One factor to be considered as to public interest is the administrative difficulties relating to court congestion. This Court notes that the Southern District of Florida has one of the busiest dockets in the country." *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1378 (S.D. Fla. 2003); *see Nolan Helmets S.p.A. v. Fulmer Helmets, Inc.*, No. 95-6401-CIV, 1995 WL 789505, at *2 (S.D. Fla. Nov. 27, 1995) ("[t]he crowded condition of the court's calendar, though not itself conclusive, is a proper consideration in deciding whether to transfer.").

substantial number of cases involving its products and technology there. Thus, the Western District of Washington has a more unique connection to this dispute and likely a greater interest in further developing the laws relevant to the issues raised in this dispute. *See Food Mktg. Consultants, Inc. v. Sesame Workshop*, No. 09-61776-CIV, 2010 WL 1571206, at *10 (S.D. Fla. Mar. 26, 2010) (granting transfer because "[t]hese causes of action are not specifically unique to Florida law" and transferee district "engage[s] in that exercise with far greater frequency and, thus, can fairly be expected to have developed some expertise in that area.").

In sum, both the public and private factors under the Eleventh Circuit's *Manuel* factors weigh in favor of transfer to the Western District of Washington. Therefore, should the Court not dismiss the Complaint, it should grant Microsoft's motion for transfer under § 1404(a).

## CONCLUSION

Based on the foregoing, Microsoft requests that the Court enter an Order transferring this case to the Western District of Washington if it is not dismissed and granting Microsoft any other or additional relief deemed just and proper.

## RULE 7.1(a)(3) CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3), the undersigned certifies having conferred with counsel for TocMail to try to resolve the issues raised in this motion, but no resolution was reached.

Dated: April 30, 2020

Respectfully submitted,

*/s/ Mary-Olga Lovett*
MARY-OLGA LOVETT (admitted *pro hac vice*)

**GREENBERG TRAURIG LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile:  (713) 374-3505
Email: lovettm@gtlaw.com

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
           orizondol@gtlaw.com
EVELYN A. COBOS
Florida Bar No. 106937
Email: cobose@gtlaw.com
           FLService@gtlaw.com

***Attorneys for Defendant***,
MICROSOFT CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Francisco O. Sanchez*
FRANCISCO O. SANCHEZ

## SERVICE LIST

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*