UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60416-CIV- SMITH/VALLE

TOCMAIL INC., a Florida corporation,

        Plaintiff,

v.

MICROSOFT CORPORATION, a
Washington corporation,

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ONE PAGE SURREPLY IN RESPONSE TO MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff, TocMail Inc. ("TocMail" or "Plaintiff"), by and through undersigned counsel, hereby respectfully moves for leave to file a one-page Surreply in Response to Defendant, MICROSOFT CORPORATION'S ("Microsoft" or "Defendant"), Reply in Further Support of Its Motion to Dismiss Complaint [D.E. 23] ("Reply"), and in support thereof states:

In Microsoft's Reply, Microsoft relies on *Nature's Earth Prod., Inc. v. Planetwise Prod., Inc.*, 2010 WL 4384218 (S.D. Fla. Oct. 28, 2010) as a focal point of its standing argument to suggest to the Court that there is authority for Microsoft's contention that competitors may not fall within the "zone of interests" standing requirement for false advertising cases. However, that case pre-dates *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014) and applied the five factor "prudential standing" test that was expressly abolished by the Supreme Court in *Lexmark*. *Lexmark* now governs standing in false advertising cases under the Lanham Act. Moreover, Microsoft also relies on *Natural Answers, Inc.*, 529 F.3d 1325 (11th Cir. 2008) to further suggest that TocMail has not satisfied the "zone of interest" test. However, that case again

1

predates *Lexmark* and applied the abrogated "prudential standing" test. Thus, TocMail respectfully requests leave to file a one page Surreply to briefly address Microsoft's frivolous reliance on case law applying a test that has been expressly abolished by the Supreme Court.

Pursuant to Section 3I(1) of the CM/ECF Administrative Procedures, a copy of the proposed Surreply is attached hereto as **Exhibit "A."**

WHEREFORE, Plaintiff, TOCMAIL INC., respectfully requests leave to file a one-page Surreply in Response to Defendant, MICROSOFT CORPORATION'S, Reply in Further Support of Its Motion to Dismiss Complaint, and for such other and further relief this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that the undersigned counsel has made reasonable efforts to confer orally and in writing on multiple occasions with Microsoft's counsel in a good faith effort to resolve by agreement the issues raised in this motion but has been unable to do so. Specifically, TocMail's counsel attempted to confer in writing on May 25, 2020 at 2:27 P.M. and requested that Microsoft respond by 5:00 P.M. on May 26, 2020. Microsoft's counsel responded on May 25, 2020 at 5:22 P.M. that it would get back to TocMail counsel's regarding this Motion. Microsoft also filed an unrelated Motion on May 25, 2020 after its initial response email [D.E. 29]. TocMail's counsel sent a follow-up correspondence today, May 26, 2020, at 3:31 P.M. and also called Microsoft's counsel and left a voicemail at 5:09 P.M. Microsoft has not responded after its initial response email on May 25, 2020 or expressed any view regarding the relief requested herein. Due to the nature of this Motion and the relief requested, and because the Court could rule on Microsoft's Motion to Dismiss at any time, this Motion is time sensitive.

/s/ Joshua D. Martin  
Joshua D. Martin

Dated: May 26, 2020                                       Respectfully submitted,

                                                                      By:   /s/Joshua D. Martin
Joshua D. Martin
Florida Bar No. 028100
josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd., Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

*Attorneys for Plaintiff, TocMail Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, on this 26th day of May 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          By:    /s/ Joshua D. Martin
                                                Joshua D. Martin

## SERVICE LIST

*TOCMAIL INC. v. MICROSOFT CORPORATION*
**20-60416-CIV- SMITH/VALLE**

**Joshua D. Martin**
E-Mail: josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd.
Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

**Francisco O. Sanchez**

E-Mail: sanchezo@gtlaw.com
          orizondol@gtlaw.com
**Evelyn A. Cobos**

E-Mail: cobose@gtlaw.com
          FLService@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

**Mary-Olga Lovett** *(admitted pro hac vice)*
E-Mail: lovettm@gtlaw.com
GREENBERG TRAURIG LLC
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505