# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60416-CIV- SMITH/VALLE

TOCMAIL INC., a Florida corporation,

        Plaintiff,

v.

MICROSOFT CORPORATION, a
Washington corporation,

        Defendant.
_____/

**PLAINTIFF'S SURREPLY IN RESPONSE TO MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

1

Plaintiff, TocMail Inc. ("TocMail"), by and through undersigned counsel, hereby submits its Surreply in Response to Defendant, MICROSOFT CORPORATION'S ("Microsoft"), Reply in Further Support of Its Motion to Dismiss Complaint [D.E. 23] ("Reply"), and states:

In Microsoft's Reply, Microsoft relies on *Nature's Earth Prod., Inc. v. Planetwise Prod., Inc.*, 2010 WL 4384218 (S.D. Fla. 2010) as a focal point of its standing argument to suggest to the Court that there is authority for Microsoft's contention that competitors may not fall within the "zone of interests" standing requirement for false advertising cases. *Motion*, p. 3. However, that case pre-dates *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 135 (2014) and applied the five factor "prudential standing" test that was expressly abolished/replaced by the Supreme Court in *Lexmark*. Specifically, *Lexmark* replaced "prudential standing" with the two part "zone of interest" and "proximate cause" test that now governs standing in Lanham Act false advertising cases. *Id.* at 125-137; *see also Sream, Inc. v. Habsa Enter., Inc.*, No. 16-81662-CIV, 2018 WL 1463655 *2 (S.D. Fla. 2018). ("Defendant relies on the Eleventh Circuit's approach to prudential standing in [*Phoenix of Broward*]. However, *Phoenix* was expressly abrogated by the Supreme Court in *Lexmark* . . . In *Lexmark*, the Supreme Court held that 'prudential standing' is not a relevant inquiry in determining whether a plaintiff has standing to maintain a private damages action for a false advertising under section 1125(a) of the Lanham Act.").

Incredibly, Microsoft also relies on *Natural Answers, Inc.*, 529 F.3d 1325 (11th Cir. 2008) in FN 1 to further suggest that TocMail has not satisfied the "zone of interest" test. That case again predates *Lexmark* and applied the abrogated "prudential standing" test. *Id.* at 1330-32. Thus, Microsoft's arguments are frivolous and it expects the Court to dismiss TocMail's claims for lack of standing based on a test that has been expressly abolished by the Supreme Court. As explained in its Response Memorandum, TocMail has clearly alleged standing in this action.

Dated: May __, 2020                                  Respectfully submitted,

                                                     By: /s/Joshua D. Martin
                                                     Joshua D. Martin
                                                     Florida Bar No. 028100
                                                     josh.martin@johnsonmartinlaw.com
                                                     JOHNSON & MARTIN, P.A.
                                                     500 W. Cypress Creek Rd., Suite 430
                                                     Fort Lauderdale, Florida 33309
                                                     Telephone: (954) 790-6699
                                                     Facsimile: (954) 206-0017

                                                     *Attorneys for Plaintiff, TocMail Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this __th day of May 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     By: /s/ Joshua D. Martin
                                                         Joshua D. Martin

## SERVICE LIST

### *TOCMAIL INC. v. MICROSOFT CORPORATION*
### 20-60416-CIV- SMITH/VALLE

**Joshua D. Martin**
E-Mail: josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd.
Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

**Francisco O. Sanchez**

E-Mail: sanchezo@gtlaw.com
orizondol@gtlaw.com

**Evelyn A. Cobos**

E-Mail: cobose@gtlaw.com
FLService@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

**Mary-Olga Lovett** *(admitted pro hac vice)*
E-Mail: lovettm@gtlaw.com
GREENBERG TRAURIG LLC
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505