# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 0:20-CV-60416-SMITH/VALLE

TOCMAIL INC.,

       Plaintiff,

  v.

MICROSOFT CORPORATION,

       Defendant.

_____/

## AGREED CONFIDENTIALITY ORDER

This CAUSE comes before the Court upon the parties' Joint Motion for Entry of Protective Order (ECF No. 35).  Having reviewed the Proposed Protective Order, it is ORDERED that the Agreed Confidentiality Order is entered, as substantially drafted and submitted by the parties.

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED** that:

## I.      CLASSIFIED INFORMATION

"Classified Information" means any information of any type, kind, or character that is designated as "CONFIDENTIAL," "PROTECTED DATA," "CONFIDENTIAL – COUNSEL ONLY," or "CONFIDENTIAL – SOURCE CODE" by any of the supplying or receiving Parties, whether it be a document, information contained in a document, information revealed

1

during a deposition, information revealed in an interrogatory answer, or otherwise.

## II.     QUALIFIED PERSONS

"Qualified Persons" means:

A.     For CONFIDENTIAL – COUNSEL ONLY information:

    1.     retained Outside Counsel for the Parties in this litigation and their respective staff and any copying or clerical litigation support services and litigation vendors working at the direction of such Outside Counsel;

    2.     actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of Parties or affiliates of Parties) who, prior to any disclosure of Classified Information to such person, have signed the Undertaking attached hereto agreeing to be bound by the terms of this Confidentiality Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to the opposing party's counsel;

        a.     before access is given, the consultant or expert has completed the Undertaking attached hereto and the same is served via e-mail upon the producing Party's Outside Counsel with a current curriculum vitae of the consultant or expert at least five business (5) days before access to Classified Information is to be disclosed to that consultant or expert. Within that time, the producing Party may object by notifying the receiving party in writing that it objects to disclosure of Classified Information to the consultant or expert, stating with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Classified Information to a consultant or expert shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Classified Information to the proposed consultant or expert will result in specific business or economic harm to that Party. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five (5) business days of the objecting Party providing its written objection, seeking a protective order with respect to the proposed disclosure. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within the five business day period, absent an agreement of the Parties to the contrary or for an extension of

the period in which to file, shall be deemed consent to disclosure of the Classified Information to the consultant or expert. The objecting Party shall have the burden of proving the need for a protective order. If the Court has not ruled on a motion filed within ten (10) calendar days from the conclusion of the briefing period, each Party agrees not to oppose a request by the other Party for expedited consideration of the motion. The Parties further agree to shorten the time frames set forth in this section if necessary to abide by any discovery or briefing schedules. Additionally, if the objecting Party files a motion seeking a protective order pursuant to this section, and the Court has not ruled on such motion within two weeks prior to the deadline for the receiving party to submit its expert report for the expert that is the subject of the motion seeking the protective order, the objecting Party agrees to consent to a motion to extend the deadline for the receiving party to submit its expert report regarding such expert, and subsequent expert deadlines as necessary. If any motion for protective order filed pursuant to this section is granted, the objecting party agrees to work with the receiving party in good faith in providing the receiving party time to retain a replacement expert and produce a replacement expert report, and will consent to reasonable extensions of the briefing schedule as necessary;

3.      this Court and its staff;

4.      court reporters, stenographers, and videographers retained to record testimony taken in this litigation;

5.      graphics, translation, design and/or trial consulting services, having first agreed to be bound by the provisions of this Confidentiality Order by signing a copy of the Undertaking attached hereto;

6.      Four in-house counsel, who are members of at least one state bar in good standing, with responsibilities for managing this litigation and with no business making decision responsibilities competitive with Plaintiff, [1] and who have signed the Undertaking attached hereto agreeing to be bound by the terms of this Confidentiality Order (such signed document to be maintained by the attorney designating such person) and provided that such in-house counsel do not disclose any CONFIDENTIAL – COUNSEL ONLY information to anyone not

---

[1] To avoid any ambiguity, settlement/licensing work to resolve disputes, including without limitation, this Lawsuit, is not business making decision responsibilities competitive with Plaintiff, as contemplated herein.

permitted access to such information, including other employees, and provided that such in-house counsel do not use such information for any purpose outside of this Lawsuit, including for a competitive advantage; and

7.      Any other person with the prior written consent of the producing Party.

B.      For CONFIDENTIAL Information:

1.      the persons identified in subparagraph II(A);

2.      if the Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed the Undertaking attached hereto agreeing to be bound by the terms of this Confidentiality Order (such signed document to be maintained by the attorney designating such person);

3.      any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy.

C.      Such other person as this court may designate after notice and an opportunity to be heard.

## III.   DESIGNATION CRITERIA

A.      *Non-classified Information*. Classified Information shall not include information that either:

1.      is found in materials that on their face show that they have been published to the general public, or documents that have been submitted to any government entity without request for confidential treatment;

2.      is in the public domain at the time of disclosure, as evidenced by a written document;

3.      becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

4.      the receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure with no obligation of confidentiality; or

4

5.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party with no obligation of confidentiality.

B.    *Classified Information*. Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing Party to competitive or financial injury or potential legal liability to non-parties.

Correspondence and other communications between the Parties or with non-parties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

C.    *Protected Data*. PROTECTED DATA refers to any information that a Party or non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations. PROTECTED DATA constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 *et seq*. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation

5

("GDPR"). Only the individuals listed in paragraph II (A), with the exception of II (A)(6), may have access to PROTECTED DATA.

        D.    *For Counsel Only.* The designation "CONFIDENTIAL – COUNSEL ONLY" shall be reserved for information that is believed to be unknown to the opposing Party, or any of the employees of a corporate Party, and reasonably believes contains highly sensitive business or personal information, the disclosure of which to another Party would create a substantial risk of significant competitive or commercial disadvantage to the producing Party that could not be avoided by less restrictive means. For purposes of this Confidentiality Order, so-designated information may include, but is not limited to, (a) highly sensitive financial, sales, and trade secret information (i.e., information that is proprietary to a party that would provide a competitive advantage to the other party outside of this current case if such information were to be known to the other party) (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Non-disclosure Agreement ("NDA") and non- public technical and other information on products, except as provided for in Section III(E and F);

(c) information or data relating to future products not yet commercially released and/or strategic plans and (d) Protected Data. Only the individuals listed in paragraph II(A) may have access to "CONFIDENTIAL – COUNSEL ONLY" information.

        E.    *Confidential Source Code.*   To the extent that Classified Information includes Source Code, the producing Party may designate the Classified Information as "CONFIDENTIAL — SOURCE CODE." Only the individuals listed in paragraph II(A) (with the exception of in-house counsel or other employees of a Party) may have access to materials designated CONFIDENTIAL — SOURCE CODE, which access will be subject to the

following additional limitations. No employee of a Party, including in-house counsel, may have access to any "CONFIDENTIAL — SOURCE CODE" information of another Party.

     F.     For Confidential Information designated CONFIDENTIAL — SOURCE CODE, the following additional restrictions apply:

     1.     Source Code shall only be made available for inspection and shall not be produced, except as provided below. The producing Party shall make the Source Code available at either the offices of its Outside Counsel, or other mutually agreeable location.

     2.     Source Code will be loaded on two (2) non-networked computers that are password protected and maintained in a secure, locked area. The computers will run a reasonably current version of the Microsoft Windows operating system ("Source Code Computers"). The Source Code Computers shall be configured to permit review of the Source Code through a password protected account.

     3.     The producing Party shall provide the receiving Party with information explaining how to start, log on to, operate, and print from the Source Code Computers.

     4.     The Source Code Computers shall be made available for inspection from 9:00 a.m. to 6:00 p.m. on weekdays. Reasonable requests for inspection outside those hours shall be accommodated on terms to be agreed by the Parties.

     5.     Only Outside Counsel and Outside Consultants/Experts who have been previously disclosed and not prohibited by a protective order as outlined in Section II(A)(2) ("Authorized Reviewers") may have access to the Source Code Computers.

     6.     The Authorized Reviewer(s) may use appropriate software tools on the Source Code Computers, which shall be installed by the producing Party, and which may include, but are not limited to, Microsoft Visual Studio (or other Microsoft development environment), Visual Slick Edit, Understand C, Beyond Compare, Source- Navigator, Acrobat, Cygwin, and Edit Pad Lite. Should it be necessary, other mutually agreed upon tools may be used. Permission to use such other tools shall not be unreasonably withheld by the producing Party. Licensed copies of other mutually agreed upon software tools shall be installed on the Source Code Computers by the producing Party within ten (10) business days after a request is agreed to, and the software tools shall be paid for by the receiving Party.

7

7.    Once the receiving Party notifies the producing Party that is has begun active review of the source code, the producing Party shall advise the receiving Party within 48 hours after any Source Code is added to the Source Code Computer, such as in a supplemental production.

8.    The receiving Party may ask the producing Party to print, a reasonable number of pages of Source Code from the Source Code Computers. Under no circumstances are printouts of the Source Code to be made except for directly onto the watermarked and pre-Bates numbered sides of the paper provided by the producing Party. All source code printouts must include
(1) directory path information and filenames from which the source code came and (2) line numbers. The printed portions shall be printed in no smaller than twelve (12) point font. A reasonable request for printed Source Code shall be presumed to extend for no more than twenty (20) contiguous pages. A receiving Party may ask to have printed, no more than 150 total printed pages of Source Code for the produced source code. The Source Code is to be reviewed and analyzed using the Source Code Computers. Printouts of Source Code are to be provided by the producing Party solely for the purpose of post-analysis reference and to assist the Parties during preparation of pleadings, preparation for depositions, and the like.

9.    A receiving Party may in good faith request for these limits to be increased. A producing Party shall not unreasonably withhold such consent. The receiving Party may seek leave of Court to increase these limits if the receiving Party believes the other Party has unreasonably withheld consent.

10.   Authorized Reviewer(s) in this Action shall not request printing of Source Code which has not been reviewed on the Source Code Computers by an Authorized Reviewer, or to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing them electronically on the Source Code Computers.

11.   Within five (5) business days after the receiving Party has made a request for printouts to be made, of Source Code from the Source Code Computers, the producing Party will deliver up to two (2) sets of copies of the requested source code to the offices of the receiving Party's Outside Counsel. A receiving Party may in good faith request additional copies. A producing Party shall not unreasonably withhold consent. The receiving Party may seek leave of Court to request additional sets of copies if the receiving Party believes the other Party has unreasonably withheld consent. A receiving Party may not copy any printouts of Source Code.

8

12.   Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, tablets, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

13.   A producing Party will, where practical, provide another room in addition to the secure room (the "additional room") in which Authorized Reviewers may use cellular telephones, tablets, or laptops. The Source Code Computers may not be brought into the additional room. No portion of Source Code may be copied, removed, or transferred onto any device allowed in the additional room, notwithstanding the limited excerpts of Source Code permitted to be copied into bound notebooks in compliance with paragraph 21 below.

14.   The producing Party may visually monitor, but may not record, the entrance and departure of Authorized Reviewer(s) from the secure room containing the Source Code Computers, but only to ensure that the provisions of this Confidentiality Order are strictly followed. (For example, by ensuring that no unauthorized devices are permitted, and that no unauthorized electronic records of the Source Code or information concerning the Source Code is being created or transmitted in any way.)

15.   If the receiving Party's Outside Counsel or Outside Consultants obtain printouts or photocopies of Source Code, the receiving Party shall ensure that such Outside Counsel keep the printouts or photocopies in a secured locked area in the offices of Outside Counsel. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any secure intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition) as long as the source code is stored in a locked container in a secure room.

16.   The producing Party shall, on request, provide access to a Source Code Computer during depositions of a producing Party's witnesses who would otherwise be permitted access the Source Code. The receiving Party shall make a request for a Source Code Computer to be present at the deposition no later than ten (10) business days before the date of

deposition. In the event copies of Source Code printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter, and the further copies of the Source Code or printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.

17.    A receiving Party may make copies of excerpts of no more than twenty-five (25) lines per excerpt of Source Code for the sole purpose of providing these excerpts in a pleading, exhibit, expert report, discovery document, or other Court document filed with the Court. In any such document either (i) the entire document will be stamped and treated as Confidential – Source Code or (ii) those pages containing quoted Source Code will be separately stamped and treated as Confidential – Source Code. Such documents shall be filed under seal. Longer excerpts shall not be copied for use in Court documents but shall be referred to by citation to production page numbers and lines.

18.    No electronic copies of Source Code shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

19.    A producing Party's Source Code may only be transported by the receiving Party at the direction of an Authorized Reviewer to another Authorized Reviewer, on paper, via secure hand carry in a locked container. Source Code may not be transported or transmitted electronically over a network of any kind, including a LAN, WiFi, an intranet, or the Internet. Source Code may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code may be loaded onto a stand-alone computer and must be encrypted for transport.

20.    If any Authorized Reviewer(s) seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secured room. Any notes taken shall be treated as CONFIDENTIAL - COUNSEL ONLY, and no more than fifteen (15) continuous lines of source code may be copied into said notes. Any notes taken shall be treated as being derived from Source Code and handled pursuant to this Order.

21.    At least twenty (20) business days before trial, the receiving Party shall notify the producing Party whether a Source Code Computer will be needed and what Source Code will be used at trial. If requested, the producing Party will have a Source Code Computer available for use

during testimony.

22.    The receiving Party's Outside Counsel shall keep log(s) recording the identity of each individual to whom each hard copy of each producing Party's Source Code was provided and when it was provided to that person. The receiving Party shall provide a current copy of that log to the producing Party upon request.

G.    *Ultrasensitive Information*. At this point, the Parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the Parties will negotiate and ask the Court to enter an ultrasensitive information protocol in advance of production to further protect such information.

## IV.    USE OF CLASSIFIED INFORMATION

All Classified Information provided by any Party or non-party in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

## V.    PROSECUTION BAR

Any person associated with Plaintiff reviewing any of Defendant's "CONFIDENTIAL – COUNSEL ONLY," or "CONFIDENTIAL – SOURCE CODE" relating to Microsoft's products or services (all of which shall also be automatically designated as "Defendant's Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of a party in this case involving technology related to the Microsoft products and services that were the subject of the Defendant's Prosecution Bar Materials review. However, this provision shall not apply

to an attorney who does not personally receive or review Defendant's Prosecution Bar Materials, even if another attorney at the same law firm receives and/or reviews Defendant's Prosecution Bar Materials.

Any person associated with Defendants reviewing any of Plaintiff's "CONFIDENTIAL – COUNSEL ONLY," or "CONFIDENTIAL – SOURCE CODE" relating to Plaintiff's products or services (all of which shall also be automatically designated as "Plaintiff's Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of a party in this case involving technology related to the products and services that were the subject of Plaintiff's Prosecution Bar Materials reviewed. However, this provision shall not apply to an attorney who does not personally receive or review Plaintiff's Prosecution Bar Materials, even if another attorney at the same law firm receives and/or reviews Plaintiff's Prosecution Bar Materials.

Prosecution Activity shall mean drafting or amending patent claims or specifications or assisting with such activities. Nothing in this Section shall prevent any attorney from sending non- confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from assisting its client in *inter partes* review, reissue or reexamination proceedings, or post grant review, except that persons subject to the prosecution bar may not draft or amend patent claims or specifications or assist with such activities.

## VI.    MARKING OF DOCUMENTS

Documents provided in this litigation may be designated by the producing Party or by any Party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "CONFIDENTIAL," "PROTECTED DATA," "CONFIDENTIAL – COUNSEL ONLY," or "CONFIDENTIAL – SOURCE CODE." In lieu of marking the original of a document, if the original is not provided, the designating Party may mark the copies that are provided. Originals shall be preserved for inspection.

## VII.    DISCLOSURE AT DEPOSITIONS

Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a non-party may be designated by any Party as Classified Information by indicating on the record at the deposition that the testimony is "CONFIDENTIAL," "PROTECTED DATA," "CONFIDENTIAL – COUNSEL ONLY," or "CONFIDENTIAL – SOURCE CODE" and is subject to the provisions of this Confidentiality Order.

Any Party also may designate information disclosed at a deposition as Classified Information by notifying all Parties in writing not later than 20 days after receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. A Party may also designate the entire transcript. Each Party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that Party's possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL -- COUNSEL ONLY for a period of 20 days after initial receipt of the

transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a Party or a non-party witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Confidentiality Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

## VIII.   DISCLOSURE TO QUALIFIED PERSONS

A. *To Whom*. Classified Information shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving Party will so notify the producing Party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as CONFIDENTIAL – COUNSEL ONLY shall be restricted in circulation to Qualified Persons described in subparagraph II(A).

B. *Retention of Copies During this Litigation*. Copies of CONFIDENTIAL – COUNSEL ONLY information shall be maintained only in the offices/hosted account of Outside Counsel for the receiving Party and the entities described in subparagraph II(A). Any documents produced in this litigation, regardless of classification, that are provided to

Qualified Persons shall be maintained only at the office/hosted account of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information, with the exception of any CONFIDENTIAL – SOURCE CODE documents, may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation, or otherwise as expressly set forth in Section 4. Retention of copies of CONFIDENTIAL – SOURCE CODE documents shall be maintained only in the offices of Outside Counsel for the receiving Party and the entities described in subparagraph II(A), and in compliance with subsection III(F).

**IX.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

A.      The inadvertent production by a Party of documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced documents or information is made promptly after the producing Party learns of its inadvertent production.

B.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any attorney-client privileged or work product protected documents or data ("Inadvertently Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding. A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any and all receiving Parties that received the documents and provide sufficient information to the receiving Party regarding the asserted privilege(s). Alternatively, if a receiving Party discovers a document that it believes to be an Inadvertently Produced Privileged Document, the receiving Party will promptly notify the producing Party of what it believes to be the Inadvertently Produced Privileged Document

(no receiving Party will be found in violation of this Order for failing to identify an Inadvertently Produced Privileged Document). After discovering or being notified of an Inadvertently Produced Document, any receiving Party must not use or disclose the Inadvertently Produced Privileged Document in any way until the claim is resolved and must take reasonable steps to retrieve the document if the receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within (5) days of discovering or being notified, any receiving Party must return, or destroy the specified document and any copies.

C.      No one will use the fact of production of a document over which the producing Party later asserts privilege or protection to argue the privilege or protection has been waived. The return of any inadvertently produced privileged and/or protected documents or information shall not preclude the receiving Party from moving the Court for an order that the documents or information was never privileged or otherwise immune from disclosure or that any applicable privilege or immunity has been waived by some act other than the production of the documents or information. The Party asserting the privilege shall file its opposition under seal and submit a copy of the document in question for *in camera* review.

D.      Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing Party that such materials have been produced.

## X.      DOCUMENTS PRODUCED FOR INSPECTION PRIOR TO DESIGNATION

In the event documents are produced for inspection prior to designation, the documents shall be treated as CONFIDENTIAL – COUNSEL ONLY during inspection. At the time of copying for the receiving Parties, Classified Information shall be marked prominently

"CONFIDENTIAL," "PROTECTED DATA," "CONFIDENTIAL – COUNSEL ONLY,"  or

"CONFIDENTIAL – SOURCE CODE" by the producing Party.

## XI.   CONSENT TO DISCLOSURE AND USE IN EXAMINATION

Nothing in this Confidentiality Order shall prevent disclosure beyond the terms of this Order if each Party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected Parties and non-parties, orders such disclosure. Nor shall anything in this Order prevent any Outside Counsel of record from utilizing Classified Information in the examination or cross-examination, or during the deposition, of any person who is indicated on the document as being an author, source, recipient, or is established as knowledgeable of the contents of the document of the Classified Information, irrespective of which Party produced such information.

## XII.   CHALLENGING THE DESIGNATION

A.   *Classified Information*. A Party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the challenging Party may invoke this Confidentiality Order by objecting in writing to the Party who designated the document or information as Classified Information. The Party challenging the designation may move the Court for an order changing the designated status of the disputed information at any time thereafter. The disputed information shall remain Classified Information unless and until the Court orders otherwise.

B.     *Qualified Persons*. In the event that any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the Court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting Party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting Party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

## XIII.   MANNER OF USE IN PROCEEDINGS

In the event a Party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation ("Confidential Filing"), the Party shall do one of the following: (1) file a redacted version of the Confidential Filing that redacts all Classified Information and file an unredacted version under seal consistent with the sealing requirements of the Court upon the granting of a Motion to Seal; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file the entire Confidential Filing under seal with the Court consistent with the sealing requirements of the Court. A producing Party may file Classified Information that it designated as "CONFIDENTIAL," "PROTECTED DATA," "CONFIDENTIAL – COUNSEL

ONLY," or "CONFIDENTIAL – SOURCE CODE" at any time without filing under seal. However, in such a case, the Classified Information will no longer be designated "CONFIDENTIAL," "PROTECTED DATA," "CONFIDENTIAL – COUNSEL ONLY," or "CONFIDENTIAL – SOURCE CODE."

## XIV.   FILING UNDER SEAL

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any Party to this litigation consistent with the sealing requirements of the Court.

## XV.   RETURN OF DOCUMENTS

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph II shall be returned to the producing Party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, Outside Counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information. Outside Counsel may also retain legal memoranda, all pleadings (including all supporting and opposing papers and exhibits), correspondence, trial slides, trial demonstratives, hearing slides, hearing demonstratives, written discovery requests and responses (including exhibits), deposition transcripts and exhibits, expert reports and exhibits, trial transcripts, and exhibits offered or introduced into evidence at trial. Nothing in this section

requires any person to return or destroy information they have an obligation to preserve or that is maintained in backup/archive systems.

## XVI. ONGOING OBLIGATIONS

Insofar as the provisions of this Confidentiality Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a Party may seek the written permission of the producing Party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

## XVII. ADVICE TO CLIENTS

This Confidentiality Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to their client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another Party if such disclosure would be contrary to the terms of this Confidentiality Order.

## XVIII. DUTY TO ENSURE COMPLIANCE

Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Confidentiality Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Confidentiality Order.

Any person who is provided with Classified Information submits to the jurisdiction of the Court for purposes of enforcement of this Confidentiality Order, either prior to or following trial of this action. Any person found to be in violation of this Confidentiality Order may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings.

## XIX.   MODIFICATION AND EXCEPTIONS

The Parties may, by stipulation, provide for exceptions to this order and any Party may seek an order of this Court modifying this Confidentiality Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on August 25, 2020.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:20-CV-60416-SMITH/VALLE**

TOCMAIL INC.,

       Plaintiff,

  v.

MICROSOFT CORPORATION,

       Defendant.

_____/

**UNDERTAKING REGARDING CONFIDENTIALITY ORDER**

I, _____, declare that:

1.    My address is _____

2.    My current employer is _____

3.    My current occupation is _____

4.    I have received a copy of the Confidentiality Order in this lawsuit styled, TocMail, Inc. v. Microsoft Corporation, Case No. 0:20-cv-60416-RS/VALLE (the "Action"). I have carefully read and understand the provisions of the Confidentiality Order.

5.    I will comply with all of the provisions of the Confidentiality Order. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Order, and will use only for purposes of this Action any Classified Information, as described in the Confidentiality Order, that is disclosed to me.

6.    Promptly upon termination of the above Action, if required by the Confidentiality Order, I will return all Classified Information that came into my possession, and all

documents and things that I have prepared related thereto, to the Outside Counsel for the Party by whom I am employed or destroy such information.

7.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____     Signature: _____