UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-RS/VALLE

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

## ORDER REGARDING E-DISCOVERY PRODUCTION

THIS CAUSE comes before the Court upon the Joint Motion for Entry of Order Regarding E-Discovery (the "Motion"). The Motion is **GRANTED** and the Court **ORDERS** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified at the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include metadata, as reasonably available, associated with each field as specified in Table 1 (attached). The above also applies to loose files. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format or in Portable Document Format ("PDF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. E-mail productions shall be produced in their entirety (with full headers) in TIFF format, or in accordance with Table 1. Load files including lfp., .opt, log shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Each PDF file shall be named with a unique production number or number range. Each page of any PDF file shall be marked with a unique production number in the footer.

B. **Deduplication**. A party is only required to produce a single copy of a responsive document and a party may globally deduplicate (based on MD5 or SHA-1 hash values at the document level) across custodians. However, attachments to emails shall not be eliminated from the parent email, even if the attachment is an exact duplicate of a file elsewhere in the document set.

C. **Text-Searchable Documents**. Each party shall make its reasonable best effort to make its production text-searchable using Optical Character Recognition ("OCR").

D. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

E. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and

upon receipt of such a request, the producing party shall produce the document in its native format. Excel and PowerPoint files and files failing to generate TIFF or PDF images (executables, multi-media, etc.) shall be produced in native file format. Said native files will be labeled with bates_designation.file extension (e.g., MSFT_TOC_0000001_CONFIDENTIAL.xls)

    F.    **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    G.    **Excluded File Types.** Absent a showing of good cause, the parties agree that the following document types will not need to be searched: instant messaging communications or logs of same, text messages (SMS or other formats) originating on a cellular or smart-phones, and voicemails.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, the parties must propound specific e-mail production requests. Absent agreement of the parties or further order of this Court, the following parameters shall apply to custodians and search terms for ESI productions:

    A.    On or before October 7, 2020, each party shall disclose:

(i) Custodians: The fifteen (15) custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name,

    title and the type of potentially discoverable information likely to be under his or her control.  If Plaintiff does not have fifteen custodians, Plaintiff shall list all custodians likely to have discoverable ESI in their possession, custody or control.

B.     Each requesting party shall limit its e-mail production requests to a total of ten custodians per producing party for all such requests, but those ten custodians are not limited to custodians disclosed by the other party pursuant to Section 5A(i) of this Order. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

C.     Each requesting party shall limit its e-mail production requests to a total of no more than ten (10) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The agreed upon search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of

       narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

    D.    The parties may jointly agree to modify paragraph 5 without the Court's leave, or the Court may modify paragraph 5, upon a showing of good cause and distinct need.

6. Pursuant to Federal Rule of Evidence 502(b), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case. Additionally, pursuant to Rule Federal Rule of Evidence 502(d), a privilege is not waived by disclosure in this case and is not a waiver in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal Rules of Civil Procedure or Local Rules.

It is SO ORDERED this 1st day of October, 2020.

*[signature: Alicia O. Valle]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

## TABLE 1

| Field Name | Field Name Specifications | Field Type | Length | Description (E-Mail) | Description (E-Files/**Attachments**) |
|---|---|---|---|---|---|
| BegDoc | Unique ID | Paragraph | Unlimited | The Document ID number associated with the first page of a document. | The Document ID number associated with the first page of a document. |
| EndDoc | Unique ID | Paragraph | Unlimited | The Document ID number associated with the last page of a document. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID Parent-Child Relationships | Paragraph | Unlimited | The Document ID number associated with the first page of a document. | The Document ID number associated with the first page of a parent document. |
| End.Attach | Unique ID Parent-Child Relationships | Paragraph | Unlimited | The Document ID number associated with the last page of the last attachment. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Doc Pages | Pages | Paragraph | Unlimited | The number of pages for a document. | The number of pages for a document. |
| RecordType | | Paragraph | Unlimited | The record type of a document (e.g., e-mail). | The record type of a document (e.g. attachment, e-file, etc.). |
| Master_Date | | Date | MM/DD/YYYY | The date of a parent document. | The date of a parent document. For attachments to e-mails, this field will be populated with the date sent of the e-mail transmitting the attachment. |
| SentOn Date | | Date | MM/DD/YYYY | The date a document was sent. | |
| SentOn Time | Time Sent | Paragraph | Unlimited | The time a document was sent. | |
| Create Date | Date Created | Date | MM/DD/YYYY | | The date a document was created. |
| Create Time | Time Created | Paragraph | Unlimited | | The time a document was created. |
| LastMod_Date | Date Last Modified | Date | MM/DD/YYYY | | The date the document was last modified. |
| LastMod_Time | Time Last Modified | Paragraph | Unlimited | | The time the document was last modified. |
| Received_Time | Time Received | Paragraph | Unlimited | The time a document was received. | |
| Received_Date | Date Received | Date | MM/DD/YYYY | The date a document was received. | |
| Author | Author Display Name (e-mail) | Paragraph | Unlimited | The display name of the author of a document. | The author of a document from entered metadata. |
| To | Recipient | Paragraph | Unlimited | The display name of the recipient(s) of a | |

5

| | | | | document. | |
|---|---|---|---|---|---|
| CC | CC | Paragraph | Unlimited | The display name of the copyee(s) of a document. | |
| BCC | BCC | Paragraph | Unlimited | The display name of the blind copyee(s) of a document. | |
| Title | Title | Paragraph | Unlimited | The "re:" or subject line of an e-mail. | The title of a document from entered metadata. |
| Custodian | Custodian | Paragraph | Unlimited | The custodian of a document (if applicable). | The custodian of a document (if applicable). |
| AttachCount | Numbered Attachments | Paragraph | Unlimited | The number of attachments to a document. | The number of attachments to a document. |
| FileExt | File Extension | Paragraph | Unlimited | The file extension of a document. | The file extension of a document. |
| FileName | Original Name | Paragraph | Unlimited | | The file name of a document. |
| FileSize | File Size | Paragraph | Unlimited | The file size of a document (including embedded attachments). | The file size of a document (including embedded attachments). |
| FullText | Text | Paragraph | Unlimited | The full text of the e-mail. | The full text of the e-file/attachment. |
| MD5Hash | MD5Hash | Paragraph | Unlimited | The full text of the e-mail. | The full text of the e-file/attachment. |
| Protective Order Designation | | Paragraph | Unlimited | | Protective Order Designation |
| User-assigned Custodian | | Paragraph | Unlimited | | |