UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60416-CIV-SMITH

TOCMAIL INC.,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

_____/

### ORDER DENYING MOTION TO TRANSFER VENUE

Plaintiff, TocMail, Inc., filed this action against Defendant, Microsoft Corporation, under the Lanham Act, seeking to recover for harm allegedly suffered because of Defendant's dissemination of deceptive promotions of its Safe Links service. (Compl. [DE 1] ¶ 1.) Plaintiff alleges that its CEO, a software developer, currently offers a patented solution to cloud-based hacking attacks, but it "is hindered from selling its patented solution because Microsoft falsely claims to have solved this same issue four years ago." (*Id.* ¶¶ 2, 15.) Further, Defendant allegedly "engages in contributory false advertising, playing a significant role in convincing approximately 1 billion consumers to wrongly believe that the fundamental cloud security weakness was fully solved many years ago." (*Id.* ¶ 8.) Plaintiff is a Florida corporation doing business in this District. (*Id.* ¶ 9.) Defendant is a Washington corporation, with its corporate headquarters in Redmond, Washington. (Rogers Decl. [DE 15-1] ¶ 3.)

Defendant filed a Motion to Transfer this Action to the Western District of Washington [DE 15] under 28 U.S.C. § 1404(a). Plaintiff opposes Defendant's request. (*See* Pl.'s Resp. [DE 24].) The issue has been fully briefed and is ripe for adjudication.

## I. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine if transfer is appropriate, courts (1) consider whether the alternative venue is one in which the action could originally have been brought by the plaintiff and (2) balance private and public factors to determine if transfer is justified. *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). The private and public factors considered include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). Regarding the eighth factor, the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted).

Under § 1404(a), the "burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "The decision to transfer a case to another district is left to the sound discretion of the trial court" and will not be disturbed absent a clear abuse of discretion. *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (citation omitted).

## II.     DISCUSSION

The parties do not dispute that this case could have been filed in the Western District of Washington.  The question for the Court, therefore, is whether the balance of relevant private and public factors justifies transfer of the case.  Plaintiff, a Florida corporation, filed this suit in its home district.  Thus, for the Motion to be granted, Defendant must show that other considerations clearly outweigh Plaintiff's choice of forum.

### A.  The Convenience of Witnesses and Parties

Plaintiff maintains that the case should remain in this District because this is "its home forum" and it has identified three witnesses located in South Florida.  (Resp. at 1-7, 11; Wood Decl. [DE 24-4] ¶¶ 7-9.)  Defendant, on the other hand, argues that the Western District of Washington is a more appropriate venue because critical employees responsible for the creation, design, technology, development, operation, advertising, and marketing of its Office 365 Advanced Threat Protection ("ATP") software, including Safe Links, reside and work in Washington.  (Mot. at 5; Def.'s Reply [DE 33] at 5-8.)  However, a transfer that would only shift inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice of forum for § 1404(a) purposes.  *Robinson*, 74 F.3d at 260.  Consequently, at best, this factor is neutral.

### B.  Location of Relevant Documents and Ease of Access to Sources of Proof

Defendant argues that this factor weighs in its favor because most of the relevant documents and sources of proof are in the Western District of Washington.  (Mot. at 4, 7.)  Relevant documents created in, located in, or accessible from Washington include documents pertaining to the creation, design, technology, development, support, advertising, marketing, and finances related to ATP and Safe Links.  (*Id.*; Rogers Decl. ¶¶ 16-17.)  Upon reviewing the Complaint, the Court agrees that a significant number of documents relevant to the litigation may be located at

3

Defendant's headquarters in Washington. However, considering the relative ease of access to these documents, the Court is not convinced that Washington is a more convenient venue. "In most cases today, including this one, technological advancements have rendered the physical location of documents and other types of proof virtually irrelevant." *Ritter v. Metro. Cas. Ins. Co.*, No. 4:19-CV-10105-KMM, 2019 WL 8014511, at *4 (S.D. Fla. Dec. 3, 2019). Due to technological advances, producing documents in Florida is no more burdensome than producing them in Washington. *See Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc.*, No. 12-23568-CIV, 2013 WL 358385, at *4 (S.D. Fla. Jan. 29, 2013) ("[I]n this age of electronic discovery, it is no more burdensome for [defendant] to produce its documents in Florida than it is for it to produce them in New Jersey."). Therefore, this factor is, at best, neutral.

### C. Locus of Operative Facts

Plaintiff's Complaint alleges that Defendant disseminates deceptive promotions of its Safe Links service, falsely claiming that it protects against cyber-attacks, particularly malicious links that may be accessed by customers. Evidence regarding the technology, including its design and development, will be relevant to Plaintiff's allegation that Safe Links does not serve its marketed purpose. This evidence, Defendant has shown, centers on Washington. (*See* Rogers Decl. ¶¶ 16-17.) On the other hand, Defendant markets its product nationally, including in Florida. And, Plaintiff argues that "because Microsoft made false statements in this District via the internet and through its business located here, the locus of operative facts is in this District as the initial forum." (Resp. at 9.)

First, Plaintiff has provided no evidence that the alleged misrepresentations are made through Defendant's Florida offices, as opposed to being disseminated from Washington. Additionally, the Court disagrees that dissemination of the alleged misleading statements in

4

Florida, as part of a national campaign, without more, places the locus of operative facts here. "In a Lanham Act false advertising case such as this, the locus of operative facts is where the defendant's actions 'giving rise to [plaintiff's] claims' occurred." *Casper Sleep, Inc. v. Nectar Brand LLC*, No. 18 CIV. 4459 (PGG), 2019 WL 4727496, at *6 (S.D.N.Y. Sept. 27, 2019) (citation omitted). Here, that is in Washington where, according to Defendant, the design and development of the product is done and the marketing strategy created. Therefore, based on the facts of this case and the evidence presented by the parties, the Court concludes that this factor slightly favors transfer. *See Inventel Prod. LLC v. Penn LLC*, No. 16-CV-1649(AJN), 2017 WL 818471, at *5 (S.D.N.Y. Feb. 28, 2017) (explaining in Lanham Act case that when "a product with an allegedly false marketing campaign[] has been sold in multiple districts, 'each such district has a roughly equivalent claim to being the locus of operative facts,'" and concluding that this "factor is either neutral or slightly favors transfer.").

### D. Availability of Process to Compel the Attendance of Unwilling Witnesses

Defendant contends that this factor weighs in its favor because it has identified financial consultants who are not its employees and who reside in Washington. (Mot. at 6.) Defendant specifically identifies one such consultant—Kathryn Griffith—at PricewaterhouseCoopers LLP. (*See* Rogers Decl. ¶ 14.) Federal Rule of Civil Procedure 45(c) restricts the Court's power to compel attendance of out-of-state witnesses who reside and work more than 100 miles away. However, "transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party" and "where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary." *Mason*, 146 F. Supp. 2d at 1361-62 (citation omitted). Thus, the "party seeking the transfer must

support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." *Id.* (citation omitted).

While Defendant has identified Kathryn Griffith, it does not explain if, or why, she is a key witness; the details of her testimony; or if Ms. Griffith has indicated that she would be unwilling to appear on her own accord at trial. Additionally, "Defendant has not presented evidence that . . . for the witnesses who cannot or will not travel, . . . their deposition testimony could not be used in lieu of in[-]person testimony at trial." *Toddy Gear, Inc. v. Cleer Gear, LLC*, No. 13 C 1926, 2013 WL 6153052, at *4 (N.D. Ill. Nov. 22, 2013). Ms. Griffith does not necessarily need to answer interrogatories from or give depositions in this District, and discovery can be conducted electronically and remotely, as needed. Therefore, while this factor somewhat supports transfer, it does not weigh heavily in Defendant's favor.

### E.  Relative Means of the Parties

This factor favors maintaining this action in Florida. Defendant is a multinational technology powerhouse with billions in revenue. Defendant has the means to litigate this action in Florida. Plaintiff, however, states it does not have sufficient funds to litigate a case in Washington and does not have access to such funds. (Wood Decl. ¶¶ 14-15.) Further, though the Complaint alleges that Plaintiff's CEO previously sold an invention to the tune of $95 million, Plaintiff states that all those funds have been spent on other ventures. (*Id.*) Defendant presents no evidence to contradict Plaintiff's position. Thus, the Court concludes that this factor weighs in Plaintiff's favor.

### F.  Courts' Familiarity with Governing Law, and Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances

This is a Lanham Act case. Hence, both this Court and the Western District of Washington have familiarity with the issues, which deal primarily with federal law. As for trial efficiency, the

Southern District of Florida is statistically one of the most efficient districts—a fact that militates against transfer. *See United States District Courts — National Judicial Caseload Profile*, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf (last visited Oct. 13, 2020). Further, Florida courts have an interest in adjudicating controversies involving injuries to Florida citizens, like Plaintiff.

In conclusion, based on the totality of the circumstances, and having reviewed the record and weighed the relevant factors, the Court finds that Defendant has not met its burden of showing that other considerations clearly outweigh Plaintiff's choice of forum, or even that the greater weight of the relevant factors support a transfer of venue. Accordingly, it is

**ORDERED** that Defendant's Motion to Transfer this Action to the Western District of Washington [DE 15] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of October 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties of record