UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-CANNON/HUNT

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

### DEFENDANT'S UNOPPOSED MOTION TO FILE UNDER SEAL EXHIBITS TO DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERTS MICHAEL WOOD AND MARCIE D. BOUR

Defendant Microsoft Corporation ("Microsoft"), pursuant to Local Rule 5.4(b), Section 9 of the CM/ECF Administrative Procedures and Section 2L of the Southern District of Florida's General Civil Case Filing Requirements, respectfully requests the Court enter an Order allowing the filing under seal of certain exhibits to Defendant's *Daubert* Motion to Exclude the Opinions and Testimony of Plaintiff's Experts Michael Wood and Marcie D. Bour (the "*Daubert* Motion"). In support thereof, Microsoft states as follows:

    1.    Microsoft has produced in this case tens of thousands of documents and responded to Interrogatories with detailed information about its cybersecurity feature Safe Links, its innerworkings, development, design, and marketing, information concerning Microsoft's financials, customers, and business endeavors, and other confidential, propriety, sensitive, and trade secret information that is considered "Classified Information" and designated as "Confidential" or "Highly Confidential – Counsel Only" pursuant to the Agreed

1

Confidentiality Order entered on August 25, 2020 (the "Confidentiality Order").  *See* ECF No. 36 at 1.

2. The Confidentiality Order provides as follows:

- "'In the event a Party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation ('Confidential Filing'), the Party shall do one of the following: (1) file a redacted version of the Confidential Filing that redacts all Classified Information and file an unredacted version under seal consistent with the sealing requirements of the Court upon the granting of a Motion to Seal; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file the entire Confidential Filing under seal with the Court consistent with the sealing requirements of the Court.'" *Id.* at 18.

- "**The clerk of this Court is directed to maintain under seal all** documents, **transcripts of deposition testimony**, answers to interrogatories, admissions, and other papers filed under seal in this litigation **that have been designated**, in whole or in part, **as Classified Information by any Party to this litigation consistent with the sealing requirements of the Court**." *Id.* at 19 (emphasis added).

3. The sealing of the Confidential Information found at Exhibits 4, 5, 6, 8, 9, 10, 12, 13 to Microsoft's *Daubert* Motion is necessary and outweighs any possible public interest in such documents.  Restriction from the public record is necessary because the publication of these materials could result in infringement upon Microsoft's confidential trade secrets, among other things.

4. Specifically, Microsoft's *Daubert* Motion attaches certain deposition transcripts that have been marked as "Confidential" or "Highly Confidential – Counsel Only" under the Confidentiality Order. For example, Exhibits 4, 5, and 6 are transcripts of the depositions of Microsoft's engineers for the software at-issue, Safe Links. These transcripts discuss the inner workings of Safe Links and accordingly contain confidential information and trade secrets that are the result of Microsoft's proprietary research and innovation.

5. Exhibit 13 is a transcript of the deposition of a Microsoft marketing professional discussing confidential information regarding Microsoft's marketing strategies and audience. This exhibit reflects confidential market research that influence Microsoft's product development and sales and marketing strategies.

6. Finally, Exhibits 8, 9, 10, and 12 are transcripts containing highly confidential financial information maintained by Microsoft, including sales, revenues, and the manner and method in which Microsoft calculates and tracks such figures and internal practices with respect to how it counts seats, licenses, how/if it apportions revenue between its products.

7. Accordingly, Exhibits 4, 5, 6, 8, 9, 10, 12, 13 to Microsoft's *Daubert* Motion contain competitively sensitive information, which if landed in the hands of a competitor, would be used to the competitor's advantage and disadvantage of Microsoft.

8. While court filings are public by default, it is appropriate to seal documents in court filings and redact confidential material when the interest of the public to review the documents is outweighed by the interest in protecting confidential information. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (overruling district court's denial of a motion for protective order and remanding for the court to apply good cause balancing standard). The party seeking documents to be sealed need only show good cause, which "requires the court to balance the public right of access against the party's interest to keep the information confidential." *Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2013 WL 5928586, at *1 (S.D. Fla. Nov. 1, 2013). The Southern District of Florida Local Rules similarly require only a "factual and legal basis." *See* S.D. Fla. L.R. 5.4(b)(1).

9. There is good cause to seal here because the Confidential Information at issue contains proprietary and confidential information, trade secrets, and research, technical,

commercial or financial information relating to Microsoft's business and product that Microsoft has maintained as confidential and designated as "Confidential" or "Confidential – Counsel Only" under the Confidentiality Order. *See Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948 at *1 (M.D. Fla. Feb. 1, 2016) (granting defendant's motion to seal documents containing confidential business information that had been designated "Confidential" pursuant to the protective order in the case).

10. And for this reason, Microsoft's right to protect its Confidential Information outweighs any right of public access to these court materials, and Microsoft has a "reasonable basis" to file these materials under seal. *Joao Bock Transaction Systems, LLC v. Fidelity Nat. Info. Svs., Inc.*, Case No. 3:13-CV-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 14, 2014) (granting motion to seal, reasoning "[e]ven though Defendant relies only the parties' designation of the contentions as confidential, and does not identify the information it alleges is confidential, the Court finds that these materials likely contain, among other things, trade secret information regarding the design, development, and security of the accused banking software products").

**WHEREFORE**, Defendant Microsoft Corporation respectfully requests that this Court enter an Order granting the filing under seal of unredacted versions of Exhibits 4, 5, 6, 8, 9, 10, 12, 13 to Microsoft's *Daubert* Motion to Exclude the Opinions and Testimony of Plaintiff's Experts Michael Wood and Marcie D. Bour in the form attached as Exhibit A.

### Certification of Compliance With Local Rule 7.1(A)(3)

Pursuant to Local Rule 7.1(A)(3), counsel for Defendant has contacted counsel for Plaintiff in a good faith attempt to resolve this motion and relief requested, and counsel for Plaintiff has advised that the Plaintiff has no objection to this Motion.

Dated: May 18, 2021                                Respectfully submitted,

/s/ *Evelyn A. Cobos*
Evelyn A. Cobos

**GREENBERG TRAURIG, LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505
MARY-OLGA LOVETT
Email: lovettm@gtlaw.com

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
        orizondol@gtlaw.com
EVELYN A. COBOS
Florida Bar No. 92310
Email: cobose@gtlaw.com
        FLService@gtlaw.com

*Attorneys for Microsoft Corporation*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2021, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

/s/ *Evelyn A. Cobos*
EVELYN A. COBOS

## **SERVICE LIST**

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*