# EXHIBIT 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-AMC

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO**
**PLAINTIFF TOCMAIL, INC.'S FIFTH SET OF INTERROGATORIES**

Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel and pursuant to Rule 26.1(g) of the Federal Rules of Civil Procedure and Southern District of Florida, hereby responds to Plaintiff TocMail, Inc.'s Fifth Set of Interrogatories, as follows:

**PRELIMINARY STATEMENT**

1. Microsoft's investigation of facts and discovery of documents and other information relating to the claims and defenses at issue is ongoing. Accordingly, Microsoft's responses herein are based upon Microsoft's current knowledge and reasonable belief. Microsoft reserves the right to produce evidence of any subsequently discovered fact, modify and/or supplement any and all of its objections and responses herein, and to otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Nothing in these responses is an admission by Microsoft regarding the existence of any information or the relevance or admissibility of any information, for any purpose.

2. Nothing in these responses is an admission by Microsoft of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or

Case No: 0:20-cv-60416-AMC

characterization contained in any document. Microsoft reserves all objections and other questions as to the competency, relevance, materiality, privilege, or admissibility related to the use of any document referenced or information provided in response to these requests as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

3. Microsoft's agreement to produce any category of documents is not a representation that any such documents actually exist in that category, or that Microsoft will produce documents in the category that are subject to immunity or privilege, or that Microsoft will produce documents that are outside of Microsoft's possession, custody, or control. Microsoft's discovery and investigation in connection with this litigation are continuing. As a result, Microsoft's responses are limited to information obtained to date, and are given without prejudice to Microsoft's right to amend or supplement its responses after considering information obtained through further discovery or investigation.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Microsoft objects to each definition and instruction to the extent it seeks to impose requirements or obligations on Microsoft beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties in this action, including but not limited to, the Agreed Confidentiality Order, Order Regarding E-Discovery, and informal agreements upon conferral.

2. Microsoft objects to TocMail's definition of the term "Safe Links" as "Microsoft's ATP Safe Links" on grounds that it is vague and to the extent it implies that Safe Links is an individual Microsoft product. Safe Links is one of several different security features that is part of Microsoft's Advanced Threat Protection ("ATP") service, which service operates inside Microsoft 365 and is included in some Microsoft 365 products or can be purchased as an add-on

service to Microsoft 365 products.

3.  Microsoft objects to the term "IP Cloaking," which is defined by TocMail as links that send benign content when devices with certain IP Addresses connect and send malicious content when devices with other IP Addresses connect. This term is vague, ambiguous, and appears to refer to several IP-based evasion techniques and/or network evasion techniques.

4.  Microsoft objects to the terms "IP Cloaked Link," "Microsoft IP Cloaking," "GEO IP Cloaking," and "Whitelist IP Cloaking," as they are vague and ambiguously defined, and Microsoft objects to any implication and/or mischaracterization that Microsoft's EOP, ATP, and/or Safe Links fails to protect its users from cyberattacks through what TocMail calls "IP Cloaking" or "IP Cloaked Links."

5.  Microsoft objects to the term "protections," which is defined by TocMail as "systems and methods used to prevent someone from being harmed." This definition is overly broad, vague and ambiguous, and the word "harmed" is subjective and vague.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 22:**

What percentage of Safe Links' users have the following Safe Links' Policies turned on: (i) Apply real-time URL scanning for suspicious links and links that point to files; (ii) Wait for URL scanning to complete before delivering the message; (iii) Do not allow users to click through to original URL.

**RESPONSE:** Microsoft objects to this interrogatory on grounds that it seeks information that is not kept in the ordinary course of business, is overbroad, and unduly burdensome for the same reason. Subject to the objection, Microsoft states that it does not track the Safe Links Policy settings in the ordinary course of business. Furthermore, consumer users do not have the option

to select the Safe Links Policy settings, as it is only a setting that commercial users have the option to select. Microsoft can, however, determine the number of tenants, or organizations, that have Safe Links Policy settings enabled at a given time. For example, as of March 15, 2021, out of approximately 5,685,322 Office 365 commercial tenants worldwide, 153,964, or 2.7%, had Safe Links enabled. Of those commercial tenants with Safe Links enabled, 66% had the "Scan URLs" Safe Links policy enabled; 43% had the "Deliver Message After Scan" Safe Links policy enabled; and 24% had the "Click Through" Safe Links policy enabled. Microsoft notes that it is only able to determine these percentages at the tenant level.

**INTERROGATORY NO. 23:**

Please identify who at Microsoft commissioned the research study conducted by CollabTalk as set forth in "Organization Security & Compliance Practices in Office 365" (TOCMAIL_00001979 – TOCMAIL_00002016).

**RESPONSE:** Microsoft objects to this Interrogatory as it is unduly burdensome, irrelevant, and not proportional to the needs of the parties in this case as the identity of individuals who may have prepared a document on behalf of Microsoft is not related whatsoever to the claims at issue and is only meant to harass. Notwithstanding the foregoing objections, based on a reasonable search, the team within Microsoft formerly known as the OneDrive, SharePoint, and Yammer Product Marketing Team was involved with the document Bates stamped TOCMAIL_00001979 – TOCMAIL_00002016 that was compiled by CollabTalk LLC in partnership with Brigham Young University.

Case No: 0:20-cv-60416-AMC

Dated: March 24, 2021							Respectfully submitted,

*/s/ Evelyn A. Cobos*
Evelyn A. Cobos

**GREENBERG TRAURIG, LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505
MARY-OLGA LOVETT
Email: lovettm@gtlaw.com

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
        orizondol@gtlaw.com
EVELYN A. COBOS
Florida Bar No. 106937
Email: cobose@gtlaw.com
        FLService@gtlaw.com

*Attorneys for Microsoft Corporation*

5

Case No: 0:20-cv-60416-AMC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2021, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

/s/ *Evelyn A. Cobos*
EVELYN A. COBOS

## **SERVICE LIST**

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*