UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-CANNON/HUNT

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO FILE UNDER SEAL
EXHIBITS TO DEFENDANT'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION
AND DEFENDANT'S MOTION TO STRIKE UNTIMELY SUPPLEMENTAL REPORT**

Defendant Microsoft Corporation ("Microsoft"), pursuant to Local Rule 5.4(b), Section 9 of the CM/ECF Administrative Procedures and Section 2L of the Southern District of Florida's General Civil Case Filing Requirements, respectfully requests the Court enter an Order allowing the filing under seal of Defendant's Reply in Support of its *Daubert* Motion to Exclude the Opinions and Testimony of Plaintiff's Experts Michael Wood and Marcie D. Bour (the "*Daubert* Reply"), certain exhibits thereto, and certain exhibits to Defendant's Motion to Strike Plaintiff's Untimely "Supplemented Expert Report of Marcie D. Bour" and Incorporated Memorandum of Law (the "Motion to Strike"). In support thereof, Microsoft states as follows:

    1.    Microsoft has produced in this case tens of thousands of documents and responded to Interrogatories with detailed information about its cybersecurity feature Safe Links, its innerworkings, development, design, and marketing, information concerning Microsoft's financials, customers, and business endeavors, and other confidential, propriety, sensitive, and trade secret information that is considered "Classified Information" and

1

designated as "Confidential" or "Highly Confidential – Counsel Only" pursuant to the Agreed Confidentiality Order entered on August 25, 2020 (the "Confidentiality Order").  *See* ECF No. 36 at 1.

2.   The Confidentiality Order provides as follows:

- "'In the event a Party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation ('Confidential Filing'), the Party shall do one of the following: (1) file a redacted version of the Confidential Filing that redacts all Classified Information and file an unredacted version under seal consistent with the sealing requirements of the Court upon the granting of a Motion to Seal; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file the entire Confidential Filing under seal with the Court consistent with the sealing requirements of the Court.'" *Id.* at 18.

- "**The clerk of this Court is directed to maintain under seal all** documents, **transcripts of deposition testimony**, answers to interrogatories, admissions, and other papers filed under seal in this litigation **that have been designated**, in whole or in part, **as Classified Information by any Party to this litigation consistent with the sealing requirements of the Court**." *Id.* at 19 (emphasis added).

3.   The sealing of the Confidential Information found in the *Daubert* Reply, Exhibit 1 to the *Daubert* Reply, and Exhibits 1, 2, 3, and 7 to the Motion to Strike is necessary and outweighs any possible public interest in such documents.  Restriction from the public record is necessary because the publication of these materials could result in infringement upon Microsoft's confidential trade secrets, among other things.

4.   Specifically, Microsoft's *Daubert* Reply includes excerpts of, and the *Daubert* Reply and Motion to Strike both attach expert reports and deposition transcripts that have been marked as, or rely on information that has been marked as, "Confidential" or "Highly Confidential – Counsel Only" under the Confidentiality Order.

5.   Specifically, Exhibit 1 to the *Daubert* Reply is excerpts of Microsoft's rebuttal

damages expert Keith Ugone's deposition transcript. The *Daubert* Reply also includes excerpts from this deposition. Exhibits 1, 2, and 3 to the Motion to Strike are Plaintiff's damages expert Marcie Bour's supplemental report, initial report, and a redline comparison of the two reports. Exhibit 7 to the Motion to Strike is excerpts of Marcie Bour's deposition transcript.

6. Each of these exhibits discusses and relies upon highly confidential financial information maintained by Microsoft, including sales, revenues, and the manner and method in which Microsoft calculates and tracks such figures and internal practices with respect to how it counts seats, licenses, how/if it apportions revenue between its products.

7. These documents, and the information upon which they rely, have been designated as either "Confidential" or "Highly Confidential – Counsel Only."

8. Accordingly, the *Daubert* Reply, Exhibit 1 to the *Daubert* Reply, and Exhibits 1, 2, 3, and 7 to the Motion to Strike contain competitively sensitive information, which if landed in the hands of a competitor, would be used to the competitor's advantage and disadvantage of Microsoft.

9. While court filings are public by default, it is appropriate to seal documents in court filings and redact confidential material when the interest of the public to review the documents is outweighed by the interest in protecting confidential information. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (overruling district court's denial of a motion for protective order and remanding for the court to apply good cause balancing standard). The party seeking documents to be sealed need only show good cause, which "requires the court to balance the public right of access against the party's interest to keep the information confidential." *Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2013 WL 5928586, at *1 (S.D. Fla. Nov. 1, 2013). The Southern District of Florida Local Rules

similarly require only a "factual and legal basis." *See* S.D. Fla. L.R. 5.4(b)(1).

10. There is good cause to seal here because the Confidential Information at issue contains proprietary and confidential information, trade secrets, and research, technical, commercial or financial information relating to Microsoft's business and product that Microsoft has maintained as confidential and designated as "Confidential" or "Confidential – Counsel Only" under the Confidentiality Order. *See Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948 at *1 (M.D. Fla. Feb. 1, 2016) (granting defendant's motion to seal documents containing confidential business information that had been designated "Confidential" pursuant to the protective order in the case).

11. And for this reason, Microsoft's right to protect its Confidential Information outweighs any right of public access to these court materials, and Microsoft has a "reasonable basis" to file these materials under seal. *Joao Bock Transaction Systems, LLC v. Fidelity Nat. Info. Svs., Inc.*, Case No. 3:13-CV-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 14, 2014) (granting motion to seal, reasoning "[e]ven though Defendant relies only the parties' designation of the contentions as confidential, and does not identify the information it alleges is confidential, the Court finds that these materials likely contain, among other things, trade secret information regarding the design, development, and security of the accused banking software products").

**WHEREFORE**, Defendant Microsoft Corporation respectfully requests that this Court enter an Order granting the filing under seal of unredacted versions of the *Daubert* Reply, Exhibit 1 to the *Daubert* Reply, and Exhibits 1, 2, 3, and 7 to the Motion to Strike in the form attached as Exhibit A.

**Certification of Compliance With Local Rule 7.1(A)(3)**

Pursuant to Local Rule 7.1(A)(3), counsel for Defendant has contacted counsel for Plaintiff in a good faith attempt to resolve this motion and relief requested, and counsel for Plaintiff has advised that the Plaintiff has no objection to this Motion.

Dated: June 16, 2021                    Respectfully submitted,

*/s/ Evelyn A. Cobos*
Evelyn A. Cobos

**GREENBERG TRAURIG, LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505
MARY-OLGA LOVETT
Email: lovettm@gtlaw.com

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
       orizondol@gtlaw.com
EVELYN A. COBOS
Florida Bar No. 92310
Email: cobose@gtlaw.com
       FLService@gtlaw.com

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2021, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

/s/ *Evelyn A. Cobos*
EVELYN A. COBOS

## SERVICE LIST

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*