# EXHIBIT 2

| | |
|---|---|
| **From:** | Josh Martin |
| **To:** | cobose@gtlaw.com |
| **Cc:** | LovettM@gtlaw.com; trevinor@gtlaw.com; sanchezfo@gtlaw.com; GT-MSFT-TOC@gtlaw.com |
| **Subject:** | RE: TocMail"s Supplemented Expert Report |
| **Date:** | Friday, June 11, 2021 2:01:00 PM |
| **Attachments:** | image004.png |
| | image005.png |

Evelyn:  As mentioned, at least two of the four updates were required under Rule 26(e).  Thus, we do not have the ability to withdraw the entire report.  If we did, Microsoft could then turn around and say Ms. Bour failed to update her Report as required.  Another update was based on financial information that Microsoft provided after the deadline for Ms. Bour's initial report.  We have already made a good faith offer to work with Microsoft on withdrawing some of the updates (even though we believe they are all entirely proper and harmless as discussed at length below).  We are still willing to withdraw the original update, despite its appropriateness, and replace it with a version corresponding to our original offer. We are also willing to consider any valid counterproposal regarding a replacement report.  Please keep in mind, as mentioned, that Microsoft will be producing updated financials and Ms. Bour is going to have to update her Report again anyway.

Thanks,
Josh

**Joshua D. Martin, Esq.**
**Direct Dial (954) 790-6699**

---

**From:** cobose@gtlaw.com <cobose@gtlaw.com>
**Sent:** Thursday, June 10, 2021 6:07 PM
**To:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Cc:** LovettM@gtlaw.com; trevinor@gtlaw.com; sanchezfo@gtlaw.com; GT-MSFT-TOC@gtlaw.com
**Subject:** RE: TocMail's Supplemented Expert Report

Josh,

We cannot agree to anything but a withdrawal of Bour's Supplemented Report for the reasons previously mentioned.  Please let us know if TocMail still disagrees with our position and intends to rely on Bour's Supplemented Report.

Thanks

**Evelyn Cobos**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Miami, FL 33131

T +1 305.579.0726
cobose@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

**From:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Sent:** Tuesday, May 25, 2021 4:32 PM
**To:** Cobos, Evelyn (Shld-Mia-LT) <cobose@gtlaw.com>
**Cc:** Lovett, Mary-Olga (Senior Vice President) <LovettM@gtlaw.com>; Trevino, Rene (Shld-Hou-LT) <trevinor@gtlaw.com>; Sanchez, Francisco O. (Shld-Mia-LT) <sanchezfo@gtlaw.com>; GT-MSFT-TOC <GT-MSFT-TOC@gtlaw.com>
**Subject:** RE: TocMail's Supplemented Expert Report

Evelyn:

As I mentioned yesterday, Federal Rule of Procedure 26(e) not only permits that an expert's report may be supplemented but actually requires it.  The deadline to do so is the same deadline as the pretrial disclosures (September 24, 2021 in this case).  Ms. Bour provided her supplemented information months in advance of that deadline and even over 40 days prior to the deadline for the parties to file *Daubert* motions.  Your statement that "the Supplemented Expert report includes admittedly new 'substantive' analyses, opinions, and methodologies, and otherwise attempts to fix deficiencies" is simply incorrect and a mischaracterization of the supplemented information in the Supplemented Report.   Microsoft can simply claim no harm by the supplements and is not prejudiced in anyway.

Initially, Microsoft has certainly been on notice that Ms. Bour intended to submit a supplemental expert report.  In Ms. Bour's initial report, she acknowledged that Microsoft was "currently conducting an investigation to determine if there are any non-privileged, responsive, relevant documents to this request that are reasonably available …" and then stated that "As a result of not receiving the information timely requested, I was unable to complete certain aspects of my analysis.  I reserve the right to update this Expert Report and my opinions contained herein when such information is received."  *Bour Report*, p. 21, FN 20.  She also stated:  "I reserve the right to review the information and opinions included in this report including schedules and/or to further supplement this report upon receipt of any additional information or discovery." *Bour Report*, p. 32.

At deposition, when asked whether she wants to update her opinion regarding TocMail's damages model, Ms. Bour testified "I would need to inquire as to the context of this and if that is correct, then yes, I would need to update my model."  Ms. Lovett responded: "Okay.  So if you decide to do that, will you inform Mr. Martin so he can inform me, so we not sitting in from [sic] of a jury in August with a different number of which we're unaware." 126:  9-19.  It certainly appeared that Microsoft expected a supplemented opinion.

In fact, Ms. Lovett expressly requested on multiple occasions that Ms. Bour fill in additional information following the deposition – "I'm going to ask our court reporter to leave a blank here in the deposition where you can – when you have an opportunity to read and sign your deposition, also under oath, you can fill in anything that you may remember or that you wish to add for that question, all right." 167:25-168:5.  Ms. Lovett also stated: "We'll leave a blank again for that so that you can fill that in if you find any, at the time you sign your report -- your deposition." 168:23-25.

It is hard to understand how Microsoft can claim that the Supplemented Report is prejudicial to Microsoft or harmful when those questions at deposition actually invited Ms. Bour to provide additional information.

Significantly, Microsoft has already stated that it is going to produce updated financial records closer to trial (we requested such information within the discovery period).  Thus, <u>Ms. Bour is going to have to update her report once again when the new financial information is provided</u>.  Again, how can Microsoft claim to be harmed?

Contrary to the assertions in your emails, Ms. Bour's Supplemented Report does not use any new methodologies or offer new theories.  Moreover, it is in no way used in an attempt to bolster a problematic report, deficiencies or a major omission in her original Report.  The Supplemented Report merely takes what was already in the original Report and clarifies/corrects some information based on information learned during discovery, as her original report was due at the very beginning of discovery approximately six months prior to the close of fact discovery.  This is not a typical case where expert reports and expert discovery were due at the end of the discovery period.  Rather, here, expert reports were due very early.  In fact, Microsoft's own expert indicated that:  "My analyses and opinions contained in this report are based upon information available to date. I reserve the ability to review documents, **deposition transcripts**, or other information still to be produced by the Parties to this dispute and to supplement my opinions based upon that review." *Ugone Report*, p. 70 (emphasis added).  Microsoft cannot have it both ways – on one hand claim that its expert has a right to supplement *even after deposition testimony* but on the other claim that TocMail's expert cannot supplement.  Moreover, Microsoft had not submitted affirmative defenses when Ms. Bour's report was due.

The bulk of Ms. Bour's Supplemented Report is contained in four main categories of supplements.

First, Ms. Bour's Supplemented Report contains a changed calculation for WAAC which is due to interest rates changing. Such a change is required under Rule 26(e) and is completely out of her control.  Her methodology did not change whatsoever.

Second, Ms. Bour removed consumer seats from the lost profits chart. Ms. Bour's initial report had two elements on an annualized basis: commercial and consumer. This was to allow TocMail to present to the jury lost profit numbers related to commercial, or consumer, or both. While TocMail could proceed to trial with Ms. Bour's original report and solely use the commercial element for its lost profits number, Ms. Bour removed the element for consumers for simplicity. That is all.

As you know, Ms. Bour expressly testified at deposition that she removed the consumer seats from

the lost profits chart based on fact discovery, or lack thereof, which occurred after her original report had already been submitted.  Under Rule 26(e), when Ms. Bour testified that she deleted that element, she was required to supplement her Report accordingly in accordance with her deposition testimony ("the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.").  Microsoft can hardly say it was ambushed by the removal of this element because Ms. Bour literally informed Microsoft of its removal and even provided the resulting updated total at deposition.  Ms. Bour is applying the exact same model and methodology for her lost profits calculation and therefore is not changing her opinion on the methodology for computing lost profits.  Moreover, she supplemented the chart months in advance of the deadline under Rule 26(e) and weeks before the deadline for Daubert motions as discussed.  Ms. Bour's original report included a damages model for calculating lost profits and the supplement contains the exact same damages model and therefore this is not a new opinion related to damages.  Regardless, this supplement was disclosed to Microsoft previously.

Third, Ms. Bour's Supplemented Report has also added a Sensitivity Chart which merely provides the total lost profits calculation and then applies percentages in case the jury decides to award an amount of damages less than the full lost profits number. Again, this chart does not alter her theories nor her opinions in any manner whatsoever, but instead includes information that one would expect to be elicited from Ms. Bour at trial, as it is typical for a range of damages to be presented at trial.  The Sensitivity Chart presents **lower** numbers based on the same model.  Microsoft certainly cannot claim that it would be harmed by receiving advanced notice that TocMail will be presenting a range at trial based on numbers from her original Report.

Fourth, Ms. Bour's Supplemented Report provides supplemented revenue calculations based on ATP sales only – based on the very numbers provided by Microsoft.  Ms. Bour did not have necessary price lists for those calculations at the time of her original report, as **Microsoft produced the price lists after her original report was due** (and as mentioned above, Ms. Bour reserved the right to supplement her calculations based on information not yet provided by Microsoft at the time of her original Report).  Thus, Ms. Bour relied on **new information produced during discovery**.  Additionally, none of these numbers are new information to Microsoft.

As shown above, these supplements did not involve any new methodologies or offer new theories nor new damages models — and the supplements to these already-established models all involve *lower numbers* and therefore cannot be harmful to Microsoft nor be misconstrued as an ambush. They were also not used in any manner to correct deficiencies or omissions from her original report.  All other changes in the Supplemented Report are merely cosmetic clarifications.  Thus, we do not believe the Supplemented Report is improper in any way.

Nevertheless, in an effort to resolve this dispute in good faith, TocMail is willing to immediately do the following: 1) withdraw the current Supplemented Report and replace it with a new Supplemented Report that only contains the supplements one, two, three and four above (i.e., a report that removes the other cosmetic/ancillary changes); and 2) make Ms. Bour available for a follow-up deposition regarding the supplements in the next two weeks.

While we believe all the updates in the current Supplemented Report are fully justified and

harmless, we are attempting in a good-faith effort to resolve this dispute by offering to submit a Supplemented Report that contains only the core updates — **two of which we are *required* to update under Rule 26, one of which will be elicited at trial regardless of the supplement, and the other which is based on information Microsoft provided after Ms. Bour's initial report had already been submitted**. While we do not believe that an additional deposition is necessary considering the information in the Supplemented Report does not form new theories or new opinions, we believe that allowing Microsoft to re-depose her will eliminate any claimed harm, especially considering that the deadline for *Daubert* motions is still over six weeks away.  Please let us know whether you will agree to our proposal.

Respectfully,
Josh

**Joshua D. Martin, Esq.**
**Direct Dial (954) 790-6699**

---

**From:** cobose@gtlaw.com <cobose@gtlaw.com>
**Sent:** Monday, May 24, 2021 7:18 PM
**To:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Cc:** LovettM@gtlaw.com; trevinor@gtlaw.com; sanchezfo@gtlaw.com; GT-MSFT-TOC@gtlaw.com
**Subject:** RE: TocMail's Supplemented Expert Report

Josh,

Microsoft isn't threatening; we are conferring with TocMail prior to seeking relief from the Court, as required.  The narrow purpose for which supplementing an expert report is allowed under Rule 26 is not at all applicable here where the Supplemented Expert report includes admittedly new "substantive" analyses, opinions, and methodologies, and otherwise attempts to fix deficiencies in the initial report, all of which should have and could have been included in the initial report. There is no additional information supplementing the prior report that TocMail was not aware of prior to the close of discovery. And the mere untimely disclosure of these opinions past the deadline, which is highly prejudicial to Microsoft, is impermissible under Rule 16, 26, 37 and Local Rule 16.1.

We await your response tomorrow, even though this analysis should have been undertaken prior to TocMail serving the Supplemented Expert Report in the first place.

Thanks

**Evelyn Cobos**
Shareholder

Greenberg Traurig, P.A.

333 S.E. 2nd Avenue | Miami, FL 33131
T +1 305.579.0726
cobose@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

---

**From:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Sent:** Monday, May 24, 2021 5:36 PM
**To:** Cobos, Evelyn (Shld-Mia-LT) <cobose@gtlaw.com>
**Cc:** Lovett, Mary-Olga (Senior Vice President) <LovettM@gtlaw.com>; Trevino, Rene (Shld-Hou-LT) <trevinor@gtlaw.com>; Sanchez, Francisco O. (Shld-Mia-LT) <sanchezfo@gtlaw.com>; GT-MSFT-TOC <GT-MSFT-TOC@gtlaw.com>
**Subject:** RE: TocMail's Supplemented Expert Report

Evelyn:  Respectfully, we want and intend to confer in good faith on the issues raised in your email.  However, as I am sure you are aware, the substance of supplements absolutely impacts whether a supplemental report is permissible.  We must discuss the report with Ms. Bour, who prepared it.  Additionally, you threatened sanctions in your email.  While we find that entirely inappropriate, especially because Rule 26(e) not only permits supplemental reports but requires them in certain circumstances, we need time to evaluate applicable law, etc. based on your threats.  You sent your email at approximately 1:00 AM on Saturday morning with today being the business day of receipt. As previously stated, Marcie is in trial today. We still plan on trying to get back to you conferring in good faith tomorrow (one business day after receipt) as originally stated. We are not delaying. You have raised serious issues and we need to fully evaluate to be able to respond and confer in good faith.

Thanks,
Josh



**Joshua D. Martin, Esq.**
**Direct Dial (954) 790-6699**

---

**From:** cobose@gtlaw.com <cobose@gtlaw.com>
**Sent:** Monday, May 24, 2021 3:15 PM
**To:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Cc:** LovettM@gtlaw.com; trevinor@gtlaw.com; sanchezfo@gtlaw.com; GT-MSFT-TOC@gtlaw.com
**Subject:** RE: TocMail's Supplemented Expert Report

Josh,

Respectfully, the propriety of proceeding with the Supplemented Expert Report is a legal decision for which Bour is not necessary. Please provide us with your decision today, as we need to bring TocMail's behavior to the Court's attention immediately, should it decide to proceed.

Thanks

**Evelyn Cobos**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Miami, FL 33131
T +1 305.579.0726
cobose@gtlaw.com   |   www.gtlaw.com   |   View GT Biography

---

**From:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Sent:** Monday, May 24, 2021 2:20 PM
**To:** Cobos, Evelyn (Shld-Mia-LT) <cobose@gtlaw.com>
**Cc:** Lovett, Mary-Olga (Senior Vice President) <LovettM@gtlaw.com>; Trevino, Rene (Shld-Hou-LT) <trevinor@gtlaw.com>; Sanchez, Francisco O. (Shld-Mia-LT) <sanchezfo@gtlaw.com>; GT-MSFT-TOC <GT-MSFT-TOC@gtlaw.com>
**Subject:** RE: TocMail's Supplemented Expert Report

**\*EXTERNAL TO GT\***

Evelyn: We are in receipt of your email. We are going to carefully consider Microsoft's positions and will get back to you as soon as possible. Ms. Bour is in a trial today, so it will be tomorrow or Wednesday at the latest before we can get back to you.

Thanks,
Josh



**Joshua D. Martin, Esq.**
**Direct Dial (954) 790-6699**

**From:** cobose@gtlaw.com <cobose@gtlaw.com>
**Sent:** Saturday, May 22, 2021 12:57 AM
**To:** Josh Martin <josh.martin@johnsonmartinlaw.com>
**Cc:** LovettM@gtlaw.com; trevinor@gtlaw.com; sanchezfo@gtlaw.com; GT-MSFT-TOC@gtlaw.com
**Subject:** TocMail's Supplemented Expert Report

Josh,

We are in receipt of a "Supplemented [sic] Expert Report" by Marcie Bour served on Microsoft today.  As you know, discovery, including expert discovery, has been closed for two months.  The purpose of expert and rebuttal expert deadlines such as these is for us to have adequate notice of what you intend to introduce at trial and a fair opportunity to respond to it.  This purported Supplemented Expert Report is untimely and is extremely prejudicial to Microsoft, as our expert prepared his rebuttal report in response to your expert's report and cannot now respond to this supplemental report.  Your expert has had the advantage of our rebuttal report and the deposition of Dr. Ugone, and it is both prejudicial and improper for TocMail to attempt to fix its expert report at this stage, especially after the deadline has passed.  Further, TocMail's tactic is even more egregious given that the Supplemented Expert Report includes new analyses Bour was asked to undertake, new methodologies, new calculations, and new opinions. As Bour admits, she has now "made substantive changes" to her report and discovery closed after her deposition.

This Supplemented Expert Report was also served in violation of the Court's various Orders that clearly state the expert discovery deadline, including the Court's latest Second Amended Scheduling Order explicitly noting that this deadline has expired, as well as in violation of Local Rule 16.1(b)(6). You did not seek leave or an extension of time from the Court, and you failed to confer with Microsoft regarding any additional extension of discovery beyond the deadline or of your intention to serve a Supplemented Expert Report, which you certainly had to have known you were going to serve for some time.  I'm sure you are aware that this is inappropriate and that Courts routinely enforce scheduling order deadlines and don't allow this kind of gamesmanship or ambush, including with respect to attempts to serve supplemental expert reports after the close of discovery. Microsoft objects to this Supplemented Expert Report and will seek all relief it is entitled to from the Court, including sanctions, if TocMail does not withdraw this Supplemented Expert Report and confirm that it does not intend to rely on it at trial.  Please advise.

Thank you

**Evelyn Cobos**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Miami, FL 33131
T +1 305.579.0726
cobose@gtlaw.com  |  www.gtlaw.com  |  View GT Biography





If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at <u>postmaster@gtlaw.com</u>, and do not use or disseminate the information.