# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-AMC

TOCMAIL INC., a Florida corporation,

      Plaintiff,

v.

MICROSOFT CORPORATION, a Washington
corporation,

      Defendant.

**DEFENDANT MICROSOFT CORPORATION'S AMENDED RESPONSE TO
PLAINTIFF TOCMAIL, INC.'S FOURTH SET OF INTERROGATORIES**

Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel

and pursuant to Rule 26.1(g) of the Federal Rules of Civil Procedure and Southern District of

Florida, hereby serves its amended response to Plaintiff TocMail, Inc.'s Fourth Set of

Interrogatories, and states as follows:

**PRELIMINARY STATEMENT**

1. Microsoft's investigation of facts and discovery of documents and other

information relating to the claims and defenses at issue is ongoing. Accordingly, Microsoft's

responses herein are based upon Microsoft's current knowledge and reasonable belief. Microsoft

reserves the right to produce evidence of any subsequently discovered fact, modify and/or

supplement any and all of its objections and responses herein, and to otherwise assert factual and

legal contentions as additional facts are ascertained, analyses are made, and legal research is

completed. Nothing in these responses is an admission by Microsoft regarding the existence of

any information or the relevance or admissibility of any information, for any purpose.

2.      Nothing in these responses is an admission by Microsoft of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any document.  Microsoft reserves all objections and other questions as to the competency, relevance, materiality, privilege, or admissibility related to the use of any document referenced or information provided in response to these requests as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

3.      Microsoft's agreement to produce any category of documents is not a representation that any such documents actually exist in that category, or that Microsoft will produce documents in the category that are subject to immunity or privilege, or that Microsoft will produce documents that are outside of Microsoft's possession, custody, or control.  Microsoft's discovery and investigation in connection with this litigation are continuing.  As a result, Microsoft's responses are limited to information obtained to date, and are given without prejudice to Microsoft's right to amend or supplement its responses after considering information obtained through further discovery or investigation.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Microsoft objects to each definition and instruction to the extent it seeks to impose requirements or obligations on Microsoft beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties in this action, including but not limited to, the Agreed Confidentiality Order, Order Regarding E-Discovery, and informal agreements upon conferral.

2.      Microsoft objects to TocMail's definition of the term "Safe Links" as "Microsoft's ATP Safe Links" on grounds that it is vague and to the extent it implies that Safe Links is an individual Microsoft product.  Safe Links is one of several different security features that is part

of Microsoft's Advanced Threat Protection ("ATP") service, which service operates inside Microsoft 365 and is included in some Microsoft 365 products or can be purchased as an add-on service to Microsoft 365 products.

3.      Microsoft objects to the term "IP Cloaking," which is defined by TocMail as links that send benign content when devices with certain IP Addresses connect and send malicious content when devices with other IP Addresses connect. This term is vague, ambiguous, and appears to refer to several IP-based evasion techniques and/or network evasion techniques.

4.      Microsoft objects to the terms "IP Cloaked Link,"  "Microsoft IP Cloaking,"  "GEO IP Cloaking," and "Whitelist IP Cloaking," as they are vague and ambiguously defined, and Microsoft objects to any implication and/or mischaracterization that Microsoft's EOP, ATP, and/or Safe Links fails to protect its users from cyberattacks through what TocMail calls "IP Cloaking" or "IP Cloaked Links."

5.      Microsoft objects to the term "protections," which is defined by TocMail as "systems and methods used to prevent someone from being harmed." This definition is overly broad, vague and ambiguous, and the word "harmed" is subjective and vague.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 17:

Please describe in detail all protections that Safe Links provided in December 2019 to keep its users from being harmed by Microsoft IP Cloaking.

**RESPONSE:**  Microsoft objects to this Interrogatory on grounds that it seeks a list of *all* protections offered by Safe Links as this is intended to harass and annoy, and is unduly burdensome, overbroad, and not proportional to the needs of the parties in this case. Microsoft also objects to this interrogatory because the word "harmed" is subjective, vague, and undefined.

Notwithstanding the foregoing objections, in December 2019, Safe Links had many features, redundancies, and layers of protection to combat IP network evasion.  For example, Safe Links performs Reputation Block, whereby Microsoft checks link reputations and, when it learns a link is bad, this information is updated in the reputation cache and blocked in the future.  If a late detection of a malicious link occurs, Safe Links' Time Travel capability allows it to recall mail so that users cannot open the mail or click on the link in the mail once it has been sent.  Safe Links also provides Dynamic Email Delivery and performs static URL analysis and remote isolator browsing.  When necessary, Safe Links is equipped to perform Linked Content Detonation in a Sandbox. Safe Links also offers Time-of-Click Detonation, which allows Microsoft to route detonation traffic out of non-Microsoft IP ranges.  Additionally, Safe Links does Heuristic email-based and context-based Clustering, which allows Microsoft to identify cohorts of mail with similar characteristics by analyzing anomalistic patterns. Through this process, Microsoft can block an entire cluster of mail.  Finally, Microsoft gives its clients the tools to create a customized Tenant Allow/Block list which determines whether to allow or block mail from certain senders, for example. Microsoft states that it has produced documents to this effect, including, but not limited to MSFT_TOC00087121, MSFT_TOC00093502, MSFT_TOC00198911, and MSFT_TOC00001197, and directs Plaintiff to the deposition testimonies of Jason Rogers, Amar Patel, and Abhijeet Hatekar, as well as Microsoft's corporate representative depositions.

**<u>INTERROGATORY NO. 18</u>:**

Please describe in detail all protections that Safe Links provided in December 2019 to keep its users from being harmed by Geo IP Cloaking.

**<u>RESPONSE</u>:** Microsoft objects to this Interrogatory on grounds that it seeks a list of *all* protections offered by Safe Links as this is intended to harass and annoy, and is unduly

burdensome, overbroad, and not proportional to the needs of the parties in this case. Microsoft also objects to this interrogatory because the word "harmed" is subjective, vague, and undefined.

Notwithstanding the foregoing objections, in December 2019, Safe Links had many features, redundancies, and layers of protection to combat Geo IP evasion. Safe Links offers Time-of-Click Detonation, which allows Microsoft to route detonation traffic out of non-Microsoft IP ranges. In the case of Geo IP evasion, Microsoft will route traffic out of local or regional IP ranges near the tenant. In addition, Safe Links offers a Geo-distributed reputation service whereby different reputations for different geographic regions can be maintained. Thus, if a link shows a clean site in the U.S. but a bad site in the U.K., the clean U.S. verdict for the global link will not be saved; instead, the bad reputation for a given Geo is saved. *See also* response to Interrogatory 17.

**INTERROGATORY NO. 19:**

Please describe in detail all protections that Safe Links provided in December 2019 to keep its users from being harmed by Whitelist IP Cloaking.

**RESPONSE:** Microsoft objects to this Interrogatory on grounds that it seeks a list of *all* protections offered by Safe Links as this is intended to harass and annoy, and is unduly burdensome, overbroad, and not proportional to the needs of the parties in this case. Microsoft also objects to this interrogatory because the word "harmed" and the term "Whitelist IP Cloaking" are subjective, vague, and lack a predicate.

Notwithstanding the foregoing objections, Microsoft states that, as it understands Whitelist IP evasion, it requires that the attacker know the precise victim, know the victim's location, device IP range, and internet service provider, which is an extremely rare occurrence. Despite this, in

December 2019, Safe Links had many features, redundancies, and layers of protection to combat targeted IP evasion. *See* responses to Interrogatories 17 and 18.

**INTERROGATORY NO. 20:**

Identify all BP employees that Microsoft communicated with regarding the potential "Bring Your Own (BYO) VPN" referenced in MSFT_TOC00005303.

**RESPONSE:** Microsoft objects to this Interrogatory on grounds that is overbroad, not limited in scope by time, geography, or specific BP entity referenced, and is unduly burdensome because it seeks to identify all BP employees that Microsoft purportedly communicated with, assumes that BP employees were contacted by Microsoft, and improperly requests details regarding a third-party's employees. Microsoft further objects on grounds that this interrogatory is irrelevant and not proportional to the needs of the parties in this case, as the names of specific BP employees are not even remotely related to the claims at issue in this case and would not lead to the discovery of admissible evidence. This interrogatory is an improper fishing expedition.

Notwithstanding the foregoing objections, the metadata produced with the document Bates stamped MSFT_TOC00005303 indicates that it is an internal e-mail communication sent to Microsoft employees. There is no indication that this message was ever sent externally outside of Microsoft, let alone to BP employees. In addition, based on a reasonable search for "Bring Your Own (BYO) VPN," there is no indication that emails regarding this topic were ever sent to BP employees.

**INTERROGATORY NO. 21:**

Please identify the author(s) of the following documents: TOCMAIL_00003108-3109, TOCMAIL_00002469, and TOCMAIL_00004027.

Case No: 0:20-cv-60416-AMC

**RESPONSE:**   Microsoft objects to this Interrogatory as it is unduly burdensome, irrelevant, and not proportional to the needs of the parties in this case as the identity of individuals who may have prepared a document on behalf of Microsoft it is not related whatsoever to the claims at issue and is meant to harass.

Notwithstanding the foregoing objections, Microsoft states that documents were created and/or prepared by or at the direction of Microsoft, and the names of specific individuals involved in preparing the documents are not relevant.   However, based on a reasonable search for the documents cited: the document Bates stamped TOCMAIL_00003108-3109 was created by or for Microsoft's SMB Partner Marketing team in conjunction with outside third-party vendors. The documents Bates stamped TOCMAIL_00002469 and TOCMAIL_00004027 were created by Microsoft's M365 Product Marketing Team.   Individual author names were unable to be discerned following a reasonable investigation.

Dated: March 15, 2021

Respectfully submitted,

*/s/ Evelyn A. Cobos*
Evelyn A. Cobos

**GREENBERG TRAURIG, LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile:  (713) 374-3505
MARY-OLGA LOVETT
Email: lovettm@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
        orizondol@gtlaw.com

Case No: 0:20-cv-60416-AMC

EVELYN A. COBOS
Florida Bar No. 106937
Email: cobose@gtlaw.com
      FLService@gtlaw.com
***Attorneys for Microsoft Corporation***

Case No: 0:20-cv-60416-AMC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

/s/ *Evelyn A. Cobos*
EVELYN A. COBOS

## SERVICE LIST

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*