# Exhibit 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60416-CIV- CANNON/HUNT

TOCMAIL INC., a Florida corporation,

       Plaintiff,

v.

MICROSOFT CORPORATION, a
Washington corporation,

       Defendant.
_____/

## PLAINTIFF'S AMENDED ANSWERS AND OBJECTIONS TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, TOCMAIL INC. ("TocMail" or "Plaintiff"), hereby responds and objects to Defendant, MICROSOFT CORPORATION's ("Microsoft" or "Defendant"), Second Set of Interrogatories to Plaintiff, TocMail Inc. ("Interrogatories"), served on December 16, 2020, as follows:

### GENERAL RESPONSES

1. By responding to the Interrogatories, Plaintiff does not waive: (1) any objections to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the Interrogatories and/or responses herein. An objection, answer or response to the Interrogatories in no way constitutes and should not be construed as an admission of the relevance or admissibility of any information, or the truth or accuracy of any information. Plaintiff expressly does not concede the relevance or materiality of any request herein or the subject matter to which it refers.

1

2. Plaintiff objects to the Interrogatories to the extent they seek information that is in the possession, custody or control of third parties or is determined to be outside of Plaintiff's custody, possession or control after reasonable investigation. Plaintiff will only produce information within its possession, custody or control.

3. Plaintiff objects to the Interrogatories to the extent that particular Interrogatories call for "all," "each," "any," or "every," on the grounds that they are overly broad and unduly burdensome. It is impossible to represent, even after a reasonable and diligent search, that all, each, or every bit of information falling within a description can be or has been assembled. Information may be known by many people and may be kept in a myriad of locations and files. Plaintiff cannot warrant or represent that each or all or every bit of information requested has been provided, only that Plaintiff has disclosed that information which it could gather in response to the Interrogatories after a reasonable and diligent investigation.

4. Plaintiff is engaged in the continuing investigation of the matters inquired about in the Interrogatories. The responses to the Interrogatories are believed to be accurate as of the date made. Because Plaintiff's investigation into the matters inquired about is continuing, Plaintiff expressly reserves the right to supplement, correct or amend these responses. Additionally, these answers and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts, information or documents at hearing or trial.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

5. Plaintiff objects to the Interrogatories and to each of the Definitions and Instructions set forth in the Interrogatories to the extent such Interrogatories, Definitions, or Instructions purport to impose a duty or obligations beyond those set forth in the Federal Rules of

Civil Procedure, the Local Rules, or any applicable order or ruling by the Court in this action. Plaintiff will respond in accordance with applicable Rules, Procedures and Orders.

6. Plaintiff objects to the definition of "you," "yours," "Plaintiff," and "TocMail" in Definition No. 7 in the Section titled "Definitions" as the definition is overbroad and/or improper to the extent it seeks to impose discovery obligations on, or seek information from, any individual or entity other than Plaintiff, including Plaintiff's attorneys. Plaintiff will respond only on behalf of Plaintiff and provide information available to Plaintiff.

7. Plaintiff objects to the definition of "TocMail's Product" in Definition No. 8 in the Section titled "Definitions" to the extent such definition suggests that TocMail is not the owner of United States Patent No. 10,574,628 and/or that TocMail's Product does not use the technology found in TocMail's Patent.

8. Plaintiff incorporates each objection and response set forth herein into the specific answer to the Interrogatory below.

## SPECIFIC ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 13:**

Please explain how Google Ads (https://ads.google.com) works to advertise TocMail's Product, and the step-by-step process by which TocMail signed up with Google Ads, including its answers to Google's prompts to set up the service. For example, when TocMail signed up for the service, where did TocMail choose to advertise geographically, what message did TocMail tell Google it wanted to portray to customers, and what is TocMail's monthly budget cap? If its monthly budget has changed, please state the budget amount for each month that TocMail has used Google Ads.

**RESPONSE**:  TocMail objects to Interrogatory No. 13 on the grounds that it seeks information that is in the possession, custody or control of third parties to the extent it seeks for TocMail to explain how Google's, a third party, Google Ads work.  Subject to and without waiving the foregoing objections, TocMail responds as follows:

TocMail does not recall the answers it provided to Google's prompts during the initial campaign signup in 2019. However, the geographic area for the current campaign advertisement is the United States.   Keywords themes are "computer security service," "email security" and "cloud email security." Keywords only affect where ads are shown. Clicks are representative of those interested in the ad message itself. The current ad message is: "Stop Phishing Attacks - Patented Solution - 30 Day Free Trial: The majority of data breaches begin with one specific attack. Learn how the majority of companies get hacked, and how to stop it. Free for 30 days." Excerpts of the ads shown in the initial campaign are displayed in Google weekly email updates which have been or will be produced.

TocMail's ad campaigns have resulted in more than 33,000 visitors to TocMail's website. However, due to the fact that Microsoft had falsely promoted for years that it provided the very security that TocMail began to offer, the more than 33,000 visitors did not result in any purchases.

TocMail's monthly expenditure to reach the first 10,000 visitors was:

- December 2019:     $350.00
- January 2020:        $1000.00
- February 2020:      $1000.00
- March 2020:          $500.00
- April 2020:             $411.11
- May 2020:              $500.00

4

- June 2020:            $500.00
- July 2020:            $223.70

The additional campaign was conducted at variable daily spending up to $100/day. The geographic area is currently the United States.

The current advertisements target those interested in stopping phishing attacks. Those interested in stopping phishing attacks are told by the website that cloaking remains the reason that the majority of such attacks are successful, and they are then presented with TocMail's uniquely effective solution.

**INTERROGATORY NO. 14:**

Identify the words, phrases, sentences, terms, and/or connectors, that TocMail has paid for through Google Ads to advertise TocMail's Product, and identify which search terms a person could enter on Google to obtain an advertisement for TocMail or reach TocMail's Website through Google Ads. Please also state how much money TocMail has paid, per month, for Google Ads to date, explaining whether, and how much, TocMail pays for its advertisement per month, pays per month for its advertisement's results (*i.e.* when a person clicks on the advertisement and is directed to TocMail's Website), and any other payments it has made to Google Ads.

**RESPONSE**:  See TocMail's response to Interrogatory No. 13.  The initial top search terms that result in advertisement display are: "phishing cyber attacks," "phishing attack," "spam security," "phishing security," and "computer system monitoring." The latest top five search phrases that resulted in clicks from the current campaign are: "phishing a," "phishing cyber attacks," "about phishing," "phishing," and "data recovery."

5

**INTERROGATORY NO. 15:**

State the number of visitors and unique hits that TocMail's Website has received each month, from the date that TocMail's Website first went live to the present, and the number of unique customers that have enrolled in a free trial of TocMail's Product.

**RESPONSE**: TocMail does not have in its possession the exact number of visitors and unique hits from the first campaign. However, as mentioned in response to Interrogatory No. 13, TocMail has had over 33,000 visitors directly due to clicks on the Google AdWords campaign. A copy of the user database has already been produced.

**INTERROGATORY NO. 16:**

Describe all method(s) by which a business or commercial customer can purchase TocMail's Product with specificity, providing the step-by-step process that would be required to complete the sale for each method.

**RESPONSE**: Users and companies sign up free of charge without any upfront payment method. An invoice is sent seven days before the trial period expires. A second invoice is sent one day before the trial expires. If the invoice has not been paid and a user tries to login, the user is presented with a message that the trial has expired and is presented with a link to remit payment. Enterprise customers are invoiced at a rate of $3 per active email address per month. Individuals are invoiced at the rate of $5 per month. Companies can remit payment via ACH, wire, or through TocMail's payment portal (which currently processes payments through 2CheckOut.com). Individuals must remit payment through TocMail's payment portal. Customers can access the payment portal at any time via the "Purchase" menu option on TocMail's website.

Dated: March 30, 2021                              Respectfully submitted,

                                                   By: /s/Joshua D. Martin
                                                   Joshua D. Martin
                                                   Florida Bar No. 028100
                                                   josh.martin@johnsonmartinlaw.com
                                                   JOHNSON & MARTIN, P.A.
                                                   500 W. Cypress Creek Rd., Suite 430
                                                   Fort Lauderdale, Florida 33309
                                                   Telephone: (954) 790-6699
                                                   Facsimile: (954) 206-0017

                                                   *Attorneys for TocMail Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of March 2021, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

                              By:   /s/ Joshua D. Martin
                                    Joshua D. Martin


## SERVICE LIST

*TOCMAIL INC. v. MICROSOFT CORPORATION*
**20-60416-CIV- CANNON/HUNT**

| | |
|---|---|
| **Joshua D. Martin** | **Francisco O. Sanchez** |
| E-Mail: josh.martin@johnsonmartinlaw.com | E-Mail: sanchezo@gtlaw.com |
| JOHNSON & MARTIN, P.A. | orizondol@gtlaw.com |
| 500 W. Cypress Creek Rd. | **Evelyn A. Cobos** |
| Suite 430 | E-Mail: cobose@gtlaw.com |
| Fort Lauderdale, Florida 33309 | MiaLitDock@gtlaw.com |
| Telephone: (954) 790-6699 | GREENBERG TRAURIG, P.A. |
| Facsimile: (954) 206-0017 | 333 S.E. 2nd Avenue, Suite 4400 |
| | Miami, Florida 33131 |
| | Telephone: (305) 579-0500 |
| | Facsimile: (305) 579-0717 |
| | |
| | **Mary-Olga Lovett** *(admitted pro hac vice)* |
| | E-Mail: lovettm@gtlaw.com |
| | **Rene Trevino** *(admitted pro hac vice)* |
| | E-Mail: trevinor@gtlaw.com |
| | GREENBERG TRAURIG LLC |

7

1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505

## VERIFICATION

STATE OF  Virginia         )
                           )
COUNTY OF  Hampton         )

      BEFORE ME, the undersigned authority, personally appeared  Michael C. Wood  , the  CEO  of TOCMAIL INC., being by me first duly sworn on oath deposes and says that the foregoing Answers to Interrogatories are true and correct, and that he/she has read the Answers to Interrogatories and knows the content thereof.

TOCMAIL INC.

Signature: *Michael C. Wood*

Print: Michael C. Wood

Title: CEO

SWORN TO AND SUBSCRIBED before me this  30th  day of  March , 2021.

**Terrill Jenkins**
REGISTRATION NUMBER
7901183
COMMISSION EXPIRES
December 31, 2024

NOTARY PUBLIC, State of  Virginia

Print name of notary: Terrill Jenkins

My commission expires: 12/31/2024

Notarized online using audio-video communication

9