# Exhibit 25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60416-CIV- SMITH/VALLE**

TOCMAIL INC., a Florida corporation,

       Plaintiff,

v.

MICROSOFT CORPORATION, a
Washington corporation,

       Defendant.

_____/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST**
**FOR PRODUCTION TO PLAINTIFF**

       Plaintiff, TOCMAIL INC. ("TocMail" or "Plaintiff"), hereby responds and objects to Defendant, MICROSOFT CORPORATION's ("Microsoft" or "Defendant"), First Request for Production to Plaintiff, TocMail Inc. (the "Requests"), dated August 31, 2020, as follows:

**GENERAL RESPONSES**

       1.      By responding to the Requests, Plaintiff does not waive: (1) any objections to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the Requests and/or responses herein.  An objection or response to the Requests in no way constitutes and should not be construed as an admission of the relevance or admissibility of any information, or the truth or accuracy of any information. Plaintiff expressly does not concede the relevance or materiality of any request herein or the subject matter to which it refers.

1

2.     Plaintiff objects to the Requests to the extent they seek documents or information that is in the possession, custody or control of third parties or is determined to be outside of Plaintiff's custody, possession or control after reasonable investigation.  Plaintiff will only produce information within its possession, custody or control.

3.     Plaintiff objects to the Requests to the extent that particular Requests call for "all," "each," "any," or "every," on the grounds that they are overly broad and unduly burdensome.  It is impossible to represent, even after a reasonable and diligent search, that all, each, or every bit of information falling within a description can be or has been assembled.  Information or documents may be known by many people and may be kept in a myriad of locations and files. Plaintiff cannot warrant or represent that each or all or every bit of information requested has been provided, only that Plaintiff has disclosed that information or documents which it could gather in response to the Requests after a reasonable and diligent investigation.

4.     Plaintiff is engaged in the continuing investigation of the matters inquired about in the Requests.  The responses to the Requests are believed to be accurate as of the date made. Because Plaintiff's investigation into the matters inquired about is continuing, Plaintiff expressly reserves the right to supplement, correct or amend these responses.  Additionally, these responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts, information or documents at hearing or trial.

5.     Plaintiff will produce non-privileged, responsive documents to which Plaintiff does not object that are in Plaintiff's possession, custody or control.  Any response herein stating that Plaintiff will produce responsive documents should be understood to mean that if any responsive documents exist that are not subject to an objection, then Plaintiff will produce such documents. However, it should not be understood to mean that any such responsive documents do in fact exist

and such statement is not an admission that any documents produced are in fact responsive to any particular Request.

6.      All documents produced will be produced at a mutually agreeable place, by US mail, by electronic mail or in a manner otherwise agreed to by the parties.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

7.      Plaintiff objects to the Requests and to each of the Definitions and Instructions set forth in the Requests to the extent such Requests, Definitions, or Instructions purport to impose a duty or obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any applicable order or ruling by the Court in this action.  Plaintiff will respond in accordance with applicable Rules, Procedures and Orders.

8.      Plaintiff objects to Instruction No. 2 to the extent it seeks for Plaintiff to file any discovery materials.

9.      Plaintiff objects to the definition of "Safe Links" in Definition No. 8 in the Section titled "Definitions" to the extent it mischaracterizes Microsoft's Safe Links.

10.     Plaintiff objects to the definition of "you," "your" and "TocMail" in Definition No. 9 in the Section titled "Definitions" as the definition is overbroad and/or improper to the extent it seeks to impose discovery obligations on, or seek information from, any individual or entity other than Plaintiff, including Plaintiff's attorneys.  Plaintiff will respond only on behalf of Plaintiff and provide information available to Plaintiff.

11.     Plaintiff objects to the definition of "TocMail's Patent" in Definition No. 10 in the Section titled "Definitions" to the extent such definition suggests that TocMail is not the owner of United States Patent No. 10,574,628.

12.     Plaintiff objects to the definition of "TocMail's Product" in Definition No. 11 in the Section titled "Definitions" to the extent such definition suggests that TocMail's Product does not use the technology found in TocMail's Patent.

13.     Plaintiff incorporates each objection and response set forth herein into the specific response to the request to produce below.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 1:**

All documents reflecting all retailers, wholesalers, distributors, or other third parties authorized by TocMail to sell TocMail's Product, the time period during which they were authorized to sell TocMail's Product, and the retail price they were authorized to sell TocMail's Product for, including, but not limited to, all contracts with such parties.

**RESPONSE:**  TocMail objects to Request No. 1 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all documents reflecting" the listed third parties.  Even if documents sufficient to identify the requested information were relevant, "all" such documents would not be relevant.  Subject to and without waiving the foregoing objections, TocMail responds that it does not have any non-privileged documents in its possession, custody or control that are responsive to Request No. 1.

**REQUEST NO. 2:**

All documents reflecting sales of TocMail's Product in the United States from the date of first sale to the present and the sales price(s).

4

**RESPONSE:** TocMail objects to Request No. 2 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all documents reflecting" sales. Even if documents sufficient to identify the requested information were relevant, "all" such documents would not be relevant. Subject to and without waiving the foregoing objections, TocMail responds that it will produce non-privileged documents in its possession, custody or control sufficient to reflect sales, if any exist.

**REQUEST NO. 3:**

All documents reflecting TocMail's total gross revenues for the sales of TocMail's Product from the first date of sale to the present, by week and month.

**RESPONSE:** TocMail objects to Request No. 3 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all documents reflecting" TocMail's total gross revenue. Even if documents sufficient to identify the requested information were relevant, "all" such documents would not be relevant. Subject to and without waiving the foregoing objections, TocMail responds that it will produce non-privileged documents in its possession, custody or control sufficient to reflect total gross revenues, if any exist.

**REQUEST NO. 4:**

All documents and materials reflecting or showing the date that TocMail's Product was first made available for consumers to purchase and/or license.

5

**RESPONSE:**  TocMail objects to Request No. 4 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all documents and materials reflecting or showing" the subject date.  Even if documents sufficient to identify the requested information were relevant, "all" such documents would not be relevant.  Subject to and without waiving the foregoing objections, TocMail responds that it will produce an email from Google with a heading confirming that TocMail started selling its product on December 12, 2019.

**REQUEST NO. 5:**

All documents and materials sufficient to show or reflecting the reputation of TocMail's Product in the market.

**RESPONSE:**  TocMail objects to Request No. 5 on the grounds that it seeks information available from sources equally accessible by Defendant.  TocMail also objects to Request No. 5 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all" documents and materials.  Subject to and without waiving the foregoing objections, TocMail responds that it does not have any non-privileged documents in its possession, custody or control that are responsive to Request No. 5.

**REQUEST NO. 6:**

All case studies, market research, reports, consumer surveys, formal or informal analysis, investigation, surveys, questionnaires, focus groups, consumer research, or other information,

analysis, or data relating to TocMail's Product, including any such documents that TocMail contends support any of its claims.

**RESPONSE:**  TocMail objects to Request No. 6 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks any documents "that TocMail contends support any of its claims."  TocMail cannot be expected to produce all documents that support any of its claims in response to a single document request.  Additionally, TocMail objects on the grounds that the phrases "or other information, analysis, or data" and "relating to TocMail's Product" are overly broad, vague, and ambiguous.  Subject to and without waiving the foregoing objections, TocMail responds that responsive information was produced in and in conjunction with the expert report of Michael C. Wood.  TocMail will produce additional non-privileged documents in its possession, custody or control that are responsive to Request No. 6, if any.


**REQUEST NO. 7:**

All case studies, market research, reports, consumer surveys, formal or informal analysis, investigation, surveys, questionnaires, focus groups, consumer research, or other information, analysis, or data relating to Microsoft's Safe Links, including any such documents that TocMail contends support any of its claims.

**RESPONSE:**  TocMail objects to Request No. 7 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case to the extent it seeks any documents "that TocMail contends support any of its claims."  TocMail cannot be expected to produce all documents that

support any of its claims in response to a single document request.  Additionally, TocMail objects on the grounds that the phrases "or other information, analysis, or data" and "relating to Microsoft's Safe Links" are overly broad, vague, and ambiguous.  Subject to and without waiving the foregoing objections, TocMail responds that responsive information was produced in and in conjunction with the expert report of Michael C. Wood.  TocMail will produce additional non-privileged documents in its possession, custody or control that are responsive to Request No. 7, if any.

**REQUEST NO. 8:**

All documents and materials containing or reflecting the "literally false, misleading, confusing and/or deceiving" advertising by Microsoft of Safe Links, as alleged in Your Complaint.

**RESPONSE:**  TocMail objects to Request No. 8 as premature to the extent that discovery and TocMail's investigation is ongoing.  Subject to and without waiving the foregoing objections, TocMail will produce non-privileged documents and materials in its possession, custody or control relating to the following categories of false advertising and promotion by Microsoft from June 2011 through the date of this Response:

- Companies can safely migrate email security off premise to Microsoft's cloud. Examples:

  - "When allowing an external service provider to store and manage their data, companies and other organizations must consider security… Microsoft takes these concerns seriously and has applied its years of cloud and on-premises experience with security and privacy to the Office 365 services. Microsoft Online Services can help you get the benefits of cloud computing with the enterprise-grade security you require, whatever the size of your organization. … many organizations discover that

Office 365 can provide a higher standard of security at lower cost than they are capable of maintaining with on-premises productivity servers. … an important part of Trustworthy Computing is engineering software that is more secure from the beginning. To this end, the products and services that make up Office 365— Microsoft Exchange Online, Microsoft SharePoint® Online, Microsoft Lync® Online, and Microsoft Office Professional Plus—were designed and built according to the rigorous security practices."

- "Office 365 can provide better IT security because all patching and updates are done by Microsoft as soon as available. … Some large enterprises are able to provide world-class IT security. In these cases, security with Office 365 should be just as good. For many companies, it is hard to keep on top of all the security challenges, and these organizations should see improved IT security. … With our cloud services, your organization can lower overall costs and deliver the right set of tools for the right users, all with appropriate layers of security and compliance. Microsoft is a trusted provider — millions of customers use the Microsoft Business Productivity Online Services suite today."

- "Since Office 365 offers the rich capabilities and familiar experience of Office as a cloud service that's backed by Microsoft, IT administrators aren't forced to compromise on privacy or security."

- "Microsoft is an industry leader in cloud security and implements policies and controls on par with or better than on-premises data centers of even the most sophisticated organizations. … The Office 365 platform incorporates security at every level, from application development to physical data centers to end-user access.

Today, fewer and fewer organizations have the ability to maintain an equivalent level of security on-premises at a reasonable cost."

- "As a kick-off to MEC, Harvinder has written a blog post on Office Next detailing one of the core value propositions of the new Exchange – Keeping your organization safe. It covers Exchange Online Protection . . ."

- "Organizations require a cloud service that has built-in robust security features and a wide variety of customizable security features that organizations can tune to meet their individual requirements."

- "Organizations expanding remote access while maintaining security best practices may find it difficult and expensive to add this combination of security functionality if they deploy productivity services solely on-premises.  … Microsoft is an industry leader in cloud security and implements policies and controls on par with or better than on-premises data centers of even the most sophisticated organizations."

- "Office 365's security credentials that really sets it apart, according to the company's Trustworthy Computing Group."

- Safe Links protects users from cloaked links. Examples:

  - "attackers sometimes try to hide malicious URLs with seemingly safe links that are redirected to unsafe sites by a forwarding service after the message has been received. ATP's Safe Links feature proactively protects your users if they click such a link."

  - "attackers will plan to ensure links pass through the first round of security filters by making the links benign, only to weaponize them once the message is delivered. Meaning that the destination of that link is altered later to point to a malicious site. Time is important when thwarting this type of attack. 20% of all clicks happen within

10

just five minutes of when an email is received, and with Safe Links, we're able to protect users right at the point of click"

- "attackers will plan to ensure links pass through the first round of security filters. They do this by making the links benign, only to weaponize them after the message is delivered, altering the destination of the links to a malicious site. With Safe Links, we are able to protect users right at the point of click"

- Safe Links ensures links are harmless. Examples:

  - "Ensure hyperlinks in documents are harmless with ATP Safe Links"

  - "Ensure document hyperlinks are harmless with ATP Safe Links"

- Office 365 security is all a company needs. Example:

  - "Cut the complexity, cut the costs, cut the competition… Security vendor consolidation… Replace 26 vendors"

- Safe Links analyzes *the* destination at the time of click. Example:

  - "ATP Safe Links feature immediately checks the URL before opening *the* website. . . . If the URL is determined to be safe, *the* website opens." (italics added)

The examples above are meant to be illustrative, not exhaustive.  Moreover, after TocMail's Complaint was filed in this action, Microsoft began engaging in new false advertising and promotional messages.  Therefore, in addition to providing documents and materials reflective of the above categories of false advertising and promotion, TocMail will also produce non-privileged documents and materials in its possession, custody or control reflecting the new false advertising and promotions, as they are additional evidence against Microsoft in support of TocMail's claims in its Complaint.

TocMail reserves the right to supplement this response and/or produce additional documents upon learning of additional responsive information.

**REQUEST NO. 9:**

All documents and materials containing or reflecting the "literally false, misleading, confusing and/or deceiving" advertising by third parties that Microsoft contributed to, as alleged in Your Complaint, including but not limited to Symantec, Mimecast, ProofPoint, Sophos, Barracuda, and Vade Secure.

**RESPONSE:** TocMail objects to Request No. 9 as premature to the extent that discovery and TocMail's investigation is ongoing. Subject to and without waiving the foregoing objections, TocMail will produce non-privileged documents in its possession, custody or control that are responsive to Request No. 9 and not previously produced. TocMail reserves the right to supplement this response and/or produce additional documents upon learning of additional responsive information.

**REQUEST NO. 10:**

All documents and materials reflecting or showing Microsoft's participation in and contribution to third parties' false or misleading advertising, as alleged in Your Complaint, including, but not limited to, that of Symantec, Mimecast, ProofPoint, Sophos, Barracuda, and Vade Secure.

**RESPONSE:** TocMail objects to Request No. 10 as premature to the extent that discovery and TocMail's investigation is ongoing. Subject to and without waiving the foregoing objections, TocMail will produce non-privileged documents in its possession, custody or control that are responsive to Request No. 10 and not previously produced. TocMail reserves the right to

12

supplement this response and/or produce additional documents upon learning of additional responsive information.

**REQUEST NO. 11:**

All documents and materials related to any testing, and the results of any such testing, of Safe Link's time-of-click redirection service.

**RESPONSE:** TocMail objects to Request No. 11 as premature to the extent that discovery and TocMail's investigation is ongoing. TocMail also objects to Request 11 to the extent it seeks documents equally accessible by Microsoft or in the possession of third parties. Subject to and without waiving the foregoing objections, TocMail will produce non-privileged documents in its possession, custody or control that are responsive to Request No. 11 and not previously produced. TocMail reserves the right to supplement this response and/or produce additional documents upon learning of additional responsive information.

**REQUEST NO. 12:**

All documents and materials related to any "malicious dynamic links" or "IP Cloaked dynamic links" that were not "thwarted" by Safe Link's time-of-click redirection service, as alleged in Paragraphs 28 and 80 of the Complaint.

**RESPONSE:** TocMail objects to Request No. 12 on the grounds that it is misleading and mischaracterizes TocMail's allegations in the Complaint. Specifically, and without waiving its objections, TocMail responds that Paragraph 28 of the Complaint refers to a video which shows cloaked redirects. TocMail does not have any documents in its possession, custody or control that demonstrate that Safe Links is effective against cloaked redirects. Paragraph 80 refers to IP

Cloaked links in general. TocMail does not have any documents in its possession, custody or control which demonstrate Safe Links as being effective against IP Cloaked links in general.

**REQUEST NO. 13:**

All documents and materials related to TocMail's Product's ability to "thwart" "malicious dynamic links" or "IP Cloaked dynamic links," as alleged in Paragraph 121 of the Complaint.

**RESPONSE:** TocMail objects to Request No. 13 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all documents and materials." Subject to and without waiving foregoing objections, TocMail responds that responsive information was produced in and in conjunction with the expert report of Michael C. Wood. TocMail will produce additional non-privileged documents in its possession, custody or control that are responsive to Request No. 13.

**REQUEST NO. 14:**

All documents and materials promoting or advertising TocMail's Product, including but not limited to sales pitches/decks, PowerPoint presentations, brochures, pamphlets, posters, screenshots or printouts of websites, flyers, commercials, videos, and online ads, created by any party, including drafts.

**RESPONSE:** TocMail objects to Request No. 14 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all document and materials." Subject to and without waiving foregoing objections, TocMail will produce

representative copies of materials promoting or advertising TocMail's Product in its possession, custody or control, if any.

**REQUEST NO. 15:**

All documents and communications between you and any persons who you communicated with regarding the subject matter of this Lawsuit, Safe Links, Microsoft's advertising of Safe Links, and Your alleged damages, except those protected by the attorney-client privilege.

**RESPONSE:**  TocMail objects to Request No. 15 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case.  It seeks irrelevant information, is overly broad in time scope and is not limited in geographical scope.  Additionally, TocMail objects to this request because it is contrary to the Court's Agreed Order regarding E-Discovery Production (ECF 39) ("ESI Order") and Microsoft has failed to comply with that Order.  Specifically, it requests that TocMail search for electronically-stored information in a manner and procedure that was not agreed to by the Parties and that is contrary to the ESI Order. Pursuant to the ESI Order, which covers documents that are the subject of this request, a requesting party is to provide the responding party with a limited number of search terms per designated custodians, which, in turn, will be used by the responding party to run searches for electronically-stored information. Thus, TocMail will not produce any documents responsive to this request at this time but will work with Microsoft under the terms of the ESI Order.

**REQUEST NO. 16:**

All documents and materials reflecting or showing all cities, countries, and locations where TocMail's Product is and has been advertised and/or marketed, and the dates that TocMail's Product was advertised and/or marketed in each location.

**RESPONSE:**  TocMail objects to Request No. 16 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all document and materials."   Subject to and without waiving foregoing objections, TocMail will produce representative copies of materials reflecting the requested information in its possession, custody or control, if any.

**REQUEST NO. 17:**

All documents and materials reflecting or showing all cities, countries, and locations where TocMail's Product is sold and/or licensed, and the dates that TocMail's Product has been sold and/or licensed in each location.

**RESPONSE:**  TocMail objects to Request No. 17 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it requests "all document and materials."   Subject to and without waiving foregoing objections, TocMail will produce representative copies of materials reflecting the requested information in its possession, custody or control, if any.

**REQUEST NO. 18:**

All documents, materials, and things relating to, reflecting, or evidencing any economic damages You allegedly suffered as a result of Microsoft's actions (both directly and contributorily) as alleged in the Complaint, including documents relating to the calculation of all such damages.

**RESPONSE:**  TocMail objects to Request No. 18 as premature to the extent that discovery and TocMail's investigation is ongoing.  TocMail also objects to Request No. 18 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges.  Subject to and without waiving the foregoing objections, TocMail refers Microsoft to the expert report of Marcie D. Bour.  Additionally, TocMail will produce additional responsive documents in its possession, custody or control, if any.  TocMail reserves the right to supplement this response and/or produce additional documents upon learning of additional responsive information.

**REQUEST NO. 19:**

All documents, materials, and things relating to, reflecting, or evidencing any reputational damage to TocMail's Product and/or TocMail You allegedly suffered as a result of Microsoft's actions (directly and contributorily) as alleged in the Complaint.

**RESPONSE:**  TocMail objects to Request No. 19 as premature to the extent that discovery and TocMail's investigation is ongoing.  TocMail also objects to Request No. 19 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges. Subject to and without waiving the foregoing objections, TocMail will produce non-privileged documents in its possession, custody or control that are responsive to

Request No. 19, if any.  TocMail reserves the right to supplement this response and/or produce additional documents upon learning of additional responsive information.

**REQUEST NO. 20:**

All documents you reviewed or relied upon in responding to Defendants' First Set of Interrogatories.

**RESPONSE:**  TocMail incorporates each of its objections and responses specifically set forth in its Answers and Objections to Defendant's First Set of Interrogatories to Plaintiff.  Subject to and without waiving the foregoing objections, TocMail will produce any non-privileged documents in its possession, custody or control that are responsive to Request No. 20 and not otherwise objected to in TocMail's Answers and Objections to Defendant's First Set of Interrogatories to Plaintiff.

**REQUEST NO. 21:**

All documents, materials, and things showing, reflecting, or concerning consumers' purchases of cybersecurity protection, including of Safe Links and TocMail's Product, and the reasons for those purchases.

**RESPONSE:**  TocMail objects to Request No. 21 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, as the request is not limited in any manner, including for example to issues in this case.  Additionally, TocMail objects on the grounds that Request No. 21 is confusing and vague to the extent is requests general information concerning consumers' purchases of cybersecurity protection.  TocMail also objects to Request No. 21 as premature to the

extent that discovery and TocMail's investigation is ongoing. Subject to and without waiving the foregoing objections, TocMail will produce documents and materials showing that trust in cybersecurity protection is essential to purchases of Office 365/Microsoft 365 and purchases of Office 365 Advanced Threat Protection/Microsoft Defender for Office 365, documents showing that phishing was the highest cybersecurity concern and documents related to security and cybersecurity in relationship to purchase decisions.

**REQUEST NO. 22:**

All user manuals, user guides, instructions, and product information concerning TocMail's Product.

**RESPONSE:**  TocMail will produce non-privileged documents in its possession, custody or control that are responsive to Request No. 22, if any.

**REQUEST NO. 23:**

All documents and things relating to, reflecting, or showing the number of users of TocMail's Product, from the date of its first use/sale/license to date.

**RESPONSE:**  TocMail objects to Request No. 23 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case to the extent it seeks "all document and things." Even if documents sufficient to identify the requested information were relevant, "all" such documents would not be relevant.  Subject to and without waiving the foregoing objections, TocMail will produce record(s) reflecting the number of users of TocMail's product.

**REQUEST NO. 24:**

All documents and things related to, reflecting, or showing consumer confusion or deception concerning Microsoft's advertising of Safe Links.

**RESPONSE:** TocMail objects to Request No. 24 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, as the request is not limited in any manner, including for example to issues in this case. Additionally, TocMail objects on the grounds that Request No. 24 is confusing and vague. TocMail also objects to Request No. 24 as premature to the extent that discovery and TocMail's investigation is ongoing. Finally, TocMail objects to Request No. 24 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges. Subject to and without waiving the foregoing objections, TocMail will produce documents and materials referenced in its Answer to Interrogatory No. 5 in Microsoft's First Set of Interrogatories.

**REQUEST NO. 25:**

Documents and things sufficient to identify the chain of ownership and/or assignment of TocMail's Patent, and any rights therein or thereunder, from the named inventor to any individual or entity, including TocMail.

**RESPONSE:** TocMail objects to Request No. 25 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case to the extent it requests "and any rights therein or thereunder." Subject to and without waiving the foregoing objections, TocMail will produce non-

privileged documents in its possession, custody or control sufficient to identify the chain of ownership and/or assignment of TocMail's Patent.

**REQUEST NO. 26:**

All documents and things relating to the disclosure, use, offer for sale, sale, shipment, importation, demonstration, or test of each embodiment of the subject matter disclosed or claimed in TocMail's Patent, or any product that embodies, implements, falls within the scope of, or is made or used in accordance with any claim of TocMail's Patent, including, but not limited to, the source code for all products, software, or services for TocMail's Product and any predecessor software or service to TocMail's Product.

**RESPONSE:** TocMail objects to Request No. 26 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case. This case involves false advertising claims under the Lanham Act, not patent infringement claims.

**REQUEST NO. 27:**

All documents and things related to the named inventor's research, design, development, engineering of the subject matter disclosed or claimed in TocMail's Patent, including without limitation project history files, emails, flow charts, engineering notebooks, laboratory notebooks, computer files, design records, design reviews, progress reports, test results, technical reports, prototypes, drawings, schematics, specifications, memoranda, and diagrams.

**RESPONSE:** TocMail objects to Request No. 27 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses

and/or proportional to the needs of the case.  This case involves false advertising claims under the Lanham Act, not patent infringement claims.

**REQUEST NO. 28:**

All documents and things evidencing or relating to prior art, including actual or alleged prior uses, prior inventions, or placing on sale or prior public knowledge, in any country, of devices or methods that may anticipate, or render obvious, the subject matter of any claim of TocMail's Patent.

**RESPONSE:**  TocMail objects to Request No. 28 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case.  This case involves false advertising claims under the Lanham Act, not patent infringement claims.

**REQUEST NO. 29:**

All documents and things relating to license agreements relating to TocMail's Patent and/or the patent applications for which TocMail's Patent issued.

**RESPONSE:**  TocMail objects to Request No. 29 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things relating to" certain agreements.  TocMail also objects to Request No. 29 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges.  Subject to and without waiving the foregoing objections, TocMail responds

that no such license agreements exist and, thus, TocMail does not have any non-privileged documents in its possession, custody or control that are responsive to Request No. 29.

**REQUEST NO. 30:**

All documents and things relating to license agreements concerning TocMail's Product.

**RESPONSE:** TocMail objects to Request No. 30 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things relating to" certain agreements. TocMail also objects to Request No. 30 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges. Subject to and without waiving the foregoing objections, TocMail responds that no such license agreements exist and, thus, TocMail does not have any non-privileged documents in its possession, custody or control that are responsive to Request No. 30.

**REQUEST NO. 31:**

All documents and things related to any offer to license any or all of TocMail's Patent or TocMail's Product.

**RESPONSE:** TocMail objects to Request No. 31 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things related to" any offer. TocMail also objects to Request No. 31 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges. Subject to and without waiving the foregoing objections, TocMail does not have any

non-privileged documents in its possession, custody or control that are responsive to Request No. 31.

**REQUEST NO. 32:**

All documents and things relating to any inquiries, offers, requests, proposals, or negotiations to assign, transfer, convey, or license any rights to TocMail's Patent or the patent applications from which TocMail's Patent issued.

**RESPONSE:** TocMail objects to Request No. 32 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things relating to" any of the requested information and to the extent the requested information is not relevant in this action. TocMail also objects to the production of documents regarding the patent application from which TocMail's Patent issued, as such documents are not relevant to any party's claims or defenses and/or proportional to the needs of the case. Moreover, TocMail objects to the extent that Request No. 32 seeks documents that are in the possession, custody or control of third parties. TocMail will only produce information within its possession, custody or control. TocMail also objects to Request No. 32 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges. Subject to and without waiving the foregoing objections, TocMail does not have any non-privileged documents in its possession, custody or control relating to any inquiries, offers, requests, proposals, or negotiations to assign, transfer, convey, or license any rights to TocMail's Patent except what is being produced in response to Request No. 25.

**REQUEST NO. 33:**

All documents and things relating to Microsoft's accused software or services in this action, including Safe Links.

**RESPONSE:**  TocMail objects to Request No. 33 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, as the request is not limited in any manner and there could be hundreds of thousands of responsive documents.  TocMail also objects to Request No. 33 as premature to the extent that discovery and TocMail's investigation is ongoing.  Finally, TocMail objects to Request No. 33 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges.  Subject to and without waiving the foregoing objections, TocMail will produce documents in its possession, custody or control containing the phrase "Safe Links," to the degree to which it is technologically feasible to search for such a phrase.

**REQUEST NO. 34:**

All documents and things related to TocMail providing information to non-parties for the purpose of funding any action related to TocMail's Patent, including documents characterizing the litigation, the alleged invention, any risks associated with litigation, or the value of the litigation.

**RESPONSE:**  TocMail objects to Request No. 34 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things related to" any of the requested information and to the extent the requested information is not relevant in this action.  TocMail also objects to Request No. 34 to the extent that it seeks

attorney/client communications, work-product or any other materials protected by other applicable privileges. Additionally, TocMail objects to this request because it is contrary to the ESI Order and Microsoft has failed to comply with that Order.

**REQUEST NO. 35:**

All documents and things related to TocMail providing information to nonparties for the purpose of funding this Litigation, including documents characterizing the Litigation, the alleged invention, any risks associated with Litigation, or the value of the Litigation.

**RESPONSE:** TocMail objects to Request No. 35 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things related to" any of the requested information and to the extent the requested information is not relevant in this action. TocMail also objects to Request No. 35 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges. Additionally, TocMail objects to this request because it is contrary to the ESI Order and Microsoft has failed to comply with that Order.

**REQUEST NO. 36:**

All documents and things related to any evaluation done by or done at the direction of TocMail to identify and determine if any Microsoft software and/or services did or did not infringe TocMail's Patent.

**RESPONSE:** TocMail objects to Request No. 36 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses

and/or proportional to the needs of the case.  This case involves false advertising claims under the Lanham Act, not patent infringement claims.  TocMail also objects to Request No. 36 to the extent that it seeks attorney/client communications, work-product or any other materials protected by other applicable privileges.

**REQUEST NO. 37:**

All documents and things related to any report, study, survey, or questionnaire prepared, directed, conducted, or received by TocMail relating to the value, popularity, use, importance, or desirability of TocMail's Product and/or the claimed subject matter in TocMail's Patent.

**RESPONSE:**  TocMail objects to Request No. 37 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things related to" any of the requested information.  Subject to and without waiving the foregoing objections, TocMail responds that responsive information was produced in and in conjunction with the expert report of Michael C. Wood.  TocMail will produce additional non-privileged documents in its possession, custody or control that are responsive to Request No. 37, if any.

**REQUEST NO. 38:**

All documents and things related to any report, study, survey or questionnaire prepared, directed, conducted, or received by TocMail relating to the value, popularity, use, importance, or desirability of Microsoft's Safe Links.

**RESPONSE:**  TocMail objects to Request No. 38 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses

and/or proportional to the needs of the case, especially to the extent it seeks "all documents and things related to" any of the requested information. Additionally, TocMail objects on the grounds that it is duplicative of Request No. 7. Subject to and without waiving the foregoing objections, TocMail responds that responsive information was produced in and in conjunction with the expert report of Michael C. Wood. TocMail will produce additional non-privileged documents in its possession, custody or control that are responsive to Request No. 38, if any, and are not already being produced in response to other requests.

**REQUEST NO. 39:**

All documents and things related to the source code, specification, or development of any product, software, or service provided by TocMail relating to the claimed subject matter of TocMail's Patent, including, but not limited to, the source code for all products, software, or services for TocMail's Product and any predecessor software or service to TocMail's Product.

**RESPONSE:** TocMail objects to Request No. 39 on the grounds that it is overly broad in scope, unduly burdensome and seeks information not relevant to any party's claims or defenses and/or proportional to the needs of the case. This case involves false advertising claims under the Lanham Act, not patent infringement claims. The requested information is otherwise irrelevant to the claims and defenses in this action. All information necessary to assess the efficacy of TocMail's product can be done through traffic analysis. Moreover, Request No. 39 is additionally overly broad to the extent it seeks "all documents and things related to" the requested information. TocMail also objects to Request No. 39 because it seeks TocMail's highly confidential information when it is not relevant to any claim or defense.

Dated: October 14, 2020                    Respectfully submitted,

                                           By:   /s/ Joshua D. Martin
                                           Joshua D. Martin
                                           Florida Bar No. 028100
                                           josh.martin@johnsonmartinlaw.com
                                           JOHNSON & MARTIN, P.A.
                                           500 W. Cypress Creek Rd., Suite 430
                                           Fort Lauderdale, Florida 33309
                                           Telephone: (954) 790-6699
                                           Facsimile: (954) 206-0017
                                           *Attorneys for TocMail Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 14th day of October 2020, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

                              By:    /s/ Joshua D. Martin
                                     Joshua D. Martin

## SERVICE LIST

### *TOCMAIL INC. v. MICROSOFT CORPORATION*
### 20-60416-CIV- SMITH/VALLE

**Joshua D. Martin**
E-Mail: josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd.
Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

**Mary-Olga Lovett** *(admitted pro hac vice)*
E-Mail: lovettm@gtlaw.com
GREENBERG TRAURIG LLC
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505

**Francisco O. Sanchez**
E-Mail: sanchezfo@gtlaw.com
          orizondol@gtlaw.com
**Evelyn A. Cobos**
E-Mail: cobose@gtlaw.com
          MiaLitDock@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

29