# EXHIBIT 1

```
                                                              Page 1

 1                UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
 2                CIVIL ACTION NO. 0:20-cv-60416

 3

 4     TOCMAIL, INC., a Florida corporation,

 5              Plaintiff,

 6     -vs-

 7
       MICROSOFT CORPORATION, a Washington
 8     corporation,

 9
                Defendant.
10     _____/

11

12

13
                        Zoom Remote Proceedings
14                      Monday, March 22, 2021
                        11:04 a.m. - 5:53 p.m.
15

16         VIDEOTAPED VIDEO TELECONFERENCE DEPOSITION OF
                         KEITH URGONE, Ph.D.
17

18

19

20

21

22

23
                  Taken before Robyn Maxwell, RPR, FPR,
24     RSA, and Notary Public in and for the State of Florida at
       Large, pursuant to Notice of Taking Deposition filed in
25     the above-mentioned cause.
```

Page 65

```
 1          A.    I'm saying, you know, like I'm saying
 2   there, otherwise she's just doing math.
 3          Q.    Okay.  So your opinion is that --
 4          A.    -- are doing damages.  I'm sorry.
 5          Q.    Go ahead.  Sorry.  I -- I'll try not to
 6   talk -- to interrupt you.  I thought you were done.  You
 7   go ahead.
 8          A.    No, I apologize.  Sometimes I take a
 9   breath, but I'm not quite done yet.  But yeah, otherwise
10   she's just -- I mean she's just putting numbers on a page
11   and adding the numbers together.
12          Q.    So your opinion is that her -- her not
13   addressing causation renders her opinion to be invalid.
14   Am I understanding that correctly?
15          A.    That's -- well, first of all, read what I
16   say in the underlying portion of C, Ms. Bour's proposed
17   monetary remedies represent mathematical calculations,
18   that's what I'm saying, rather than reliable measures of
19   damages attributable to alleged wrongful conduct because
20   it not only goes, as I say later in my report, to those
21   three steps on the economic causation, the damages, but
22   there's the whole market analysis.  In other words, in
23   the but-for reconstruction which she does not have at all
24   in her report is, in a sense, the reaction function of
25   Microsoft.
```

Page 66

1                In other words, they do the -- they do the
2      modifying of the advertising, if that's required by the
3      Court.  But are they -- is -- is any company, so I'm not
4      just talking about Microsoft, is any company just going
5      to let, you know, millions and millions and millions of,
6      you know, potential customers just go away.  Do they just
7      roll over, or do they find another way to compete?
8                And so she hasn't done a but-for
9      reconstruction to see what the reaction of Microsoft
10     would be in the but-for world, nor does she have any of
11     these customers considering other competitive options in
12     the marketplace.
13               So she's not even taking into account other
14     market dynamics.  So it's all of those things.  I'm
15     taking them one at a time in my description here, so we
16     can all understand them, but don't lose sight of those
17     other dynamics I'm talking about.  There's other
18     competitors.  There's reactions on the part of Microsoft.
19     She just has this mathematical calculation of 100 percent
20     of the customers would have gone to TocMail, not
21     recognizing Microsoft could adjust in the but-for world,
22     and other competitors could adjust, as well, to capture
23     some of that business rather than having 100 percent of
24     those millions and millions and millions of customers
25     going to a company that has never made a profit and

Page 67

1  didn't have -- didn't have a product until just recently
2  and has no brand name associated with them.
3        Q.   Okay.  So if I'm understanding you
4  correctly, throughout your report you're -- you're
5  expressing things that Ms. Bour should have done in terms
6  of causation in order to properly provide an opinion in
7  this case?
8        A.   Yes.  For -- to employ proper damage
9  quantification techniques.
10       Q.   So is it your opinion that TocMail could
11 not establish causation through other avenues of
12 evidence, other people testifying, things like that, it
13 has to be through Ms. Bour?
14            MS. LOVETT:  Objection; assumes facts not
15       in evidence.  Specifically that there are any
16       other such identified witnesses.
17            You may answer, Mr. Ugone.
18       A.   Yeah, I guess the way I would phrase it is,
19 is that, you know, obviously, in any presentation in a,
20 you know, court or legal environment, there can be
21 various presentations that are made.  But ultimately, my
22 understanding is Ms. Bour's assignment was to evaluate
23 the claim damages.  So in a sense, regardless of what
24 evidence may be presented, there's many, many different
25 aspects of the work that she undertook that is deficient

Page 70

1  analysis or a predicate analysis that I would then accept
2  the work of another expert that would be an input into
3  what I'm doing.  That has happened.
4              MR. MARTIN:  Aaron, can you go to page 40?
5  BY MR. MARTIN:
6       Q.   Okay.  So in paragraph 40 there, you
7  indicate while Ms. Bour acknowledges that she's not
8  expressing an opinion regarding causation or liability,
9  so you did -- you did see that in her report before
10 providing your opinion?
11      A.   Yeah.  And, in fact, you know, I try to be
12 as fair as possible to -- and as accurate as possible
13 with respect to the, you know, the Bour report.  So I'm
14 not saying she didn't say that, but then in my report, I
15 try to explain what's the problem with that.
16      Q.   And then below there you again said -- you
17 used the word economic nexus to the alleged wrongful
18 conduct.  Again, that's a causation-type issue?
19      A.   Again, and I want to make sure that when I
20 answer your question that it's not misinterpreted.  I'm
21 never talking about legal causation.  I'm talking about
22 economic or damages-related causation.  In other words,
23 alleged wrongful conduct, impact on consumers, impact on
24 sales, impact on profits, to ultimately come up with,
25 say, a lost profits conclusion.  That's what I mean by