# Exhibit 6

Case No: 0:20-cv-60416-AMC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-AMC

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

**DEFENDANT MICROSOFT CORPORATION'S AMENDED RESPONSE TO PLAINTIFF TOCMAIL, INC.'S FIRST SET OF INTERROGATORIES**

Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel and pursuant to Rule 26.1(g) of the Federal Rules of Civil Procedure and Southern District of Florida, hereby serves its amended response to Plaintiff TocMail, Inc.'s First Set of Interrogatories, and states as follows:

**PRELIMINARY STATEMENT**

1. Microsoft's investigation of facts and discovery of documents and other information relating to the claims and defenses at issue is ongoing. Accordingly, Microsoft's responses herein are based upon Microsoft's current knowledge and reasonable belief. Microsoft reserves the right to produce evidence of any subsequently discovered fact, modify and/or supplement any and all of its objections and responses herein, and to otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Nothing in these responses is an admission by Microsoft regarding the existence of any information or the relevance or admissibility of any information, for any purpose.

2.	Nothing in these responses is an admission by Microsoft of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any document. Microsoft reserves all objections and other questions as to the competency, relevance, materiality, privilege, or admissibility related to the use of any document referenced or information provided in response to these requests as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

3.	Microsoft's agreement to produce any category of documents is not a representation that any such documents actually exist in that category, or that Microsoft will produce documents in the category that are subject to immunity or privilege, or that Microsoft will produce documents that are outside of Microsoft's possession, custody, or control. Microsoft's discovery and investigation in connection with this litigation are continuing. As a result, Microsoft's responses are limited to information obtained to date, and are given without prejudice to Microsoft's right to amend or supplement its responses after considering information obtained through further discovery or investigation.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.	Microsoft objects to each definition and instruction to the extent it seeks to impose requirements or obligations on Microsoft beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties in this action. Microsoft further objects to each definition and instruction to the extent that it purports to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, and uncertain.

2.	Microsoft objects to TocMail's Instruction Nos. 1 and 2 because both instructions impermissibly dictate Microsoft's manner of production. Microsoft will produce documents and things in the manner agreed to by the parties in the relevant order regarding electronic discovery

and the Agreed Confidentiality Order entered in this case, and as allowable under Federal Rule of Civil Procedure 34.

3. Microsoft objects to TocMail's definition of the term "Safe Links" as "Microsoft's ATP Safe Links" on grounds that it is vague and to the extent it implies that Safe Links is an individual Microsoft product.  Safe Links is one of several different security features that is part of Microsoft's Advanced Threat Protection ("ATP") service, which service operates inside Microsoft 365 and is included in some Microsoft 365 products or can be purchased as an add-on service to Microsoft 365 products.

4. Microsoft objects to the term "IP Cloaking," which is defined by TocMail as links that send benign content when devices with certain IP Addresses connect and send malicious content when devices with other IP Addresses Connect. This term is vague, ambiguous, and appears to refer to several IP-based evasion techniques.

5. Microsoft objects to the term "IP Cloaked Link," which is defined by TocMail as hyperlinks that "hide malicious content and/or hide a redirect to a malicious site from … EOP and Safe Links[.]" Microsoft objects to the use of this vague and ambiguous definition and any implication and/or mischaracterization that Microsoft's EOP and/or Safe Links fails to protect its users from cyberattacks through what TocMail calls "IP Cloaking" or "IP Cloaked Links."

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify the names of all Microsoft Partners in Broward County, Miami Dade County, and Palm Beach Country who signed up customers for Office 365 Advanced Threat Protection and/or signed up customers with a bundle that includes Office 365 Advanced Threat Protection.

**RESPONSE:** Microsoft objects to Interrogatory No. 1 because it seeks discovery regarding matters that are neither relevant to the claims or defenses asserted in the pending action, nor proportional to the needs of this case. Specifically, the requested information has extremely low evidentiary value and is not reasonably calculated to lead to the discovery of admissible evidence. While the identity of Microsoft Partners in Broward County, Miami Dade County, and Palm Beach Country may have been tangentially related to Microsoft's Motion to Transfer Venue, the briefing of that issue is complete and is completely irrelevant to any of the causes of action asserted by Plaintiff.

The information sought through Interrogatory No. 1 cannot assist Plaintiff in proving the two counts it brought against Microsoft under the Lanham Act. To state a claim under Section 1125 of the Lanham Act for false or misleading advertising, a plaintiff must prove that: "(1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) the plaintiff has been, or likely will be, injured as a result of the false or misleading statement." *Sovereign Military Hospitaller Order of St. John of Rhodes and of Malta v. Fla. Priory of Knights Hospitallers et al.*, 702 F.3d 1279, 1294 (11th Cir. 2012). To state a claim under the Lanham Act for contributory false or misleading advertising, a plaintiff must allege that "a third party in fact directly engaged in false advertising that injured the plaintiff. Second, the plaintiff must allege that the defendant contributed to the conduct either by knowingly inducing or causing the conduct, or by materially participating in it." *Duty Free Am., Inc. v. Estee Lauder Co., Inc.*, 797 F.3d 1248, 1277 (11th Cir. 2015).

Case No: 0:20-cv-60416-AMC

Neither of Plaintiff's causes of action requires the names of Microsoft Partners located within the Southern District of Florida to prevail. The information sought in this interrogatory is of low to no probative value and its relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay, waste of time, and burden on Microsoft. Further, this information would not aid the Court in resolving the issues raised in this lawsuit. Finally, Microsoft objects to this interrogatory because it is overbroad and unduly burdensome in that it is not limited by any scope of time. No information will be produced in response to Interrogatory No. 1.

**INTERROGATORY NO. 2:**

Please identify the names and titles of all Microsoft employees living in Broward County, Miami-Dade County, and Palm Beach County working in Microsoft's Cybersecurity Solutions Group.

**RESPONSE:** Microsoft objects to Interrogatory No. 2 because it seeks discovery regarding matters that are neither relevant to the claims or defenses asserted in the pending action, nor proportional to the needs of this case. Specifically, the requested information has extremely low evidentiary value and is not reasonably calculated to lead to the discovery of admissible evidence. While the identity of Microsoft employees residing in Broward County, Miami Dade County, and Palm Beach Country may have been tangentially related to Microsoft's Motion to Transfer Venue, the briefing of that issue is complete and is completely irrelevant to the causes of action asserted by Plaintiff.

The information sought through Interrogatory No. 2 cannot assist Plaintiff in proving the two counts it brought against Microsoft under the Lanham Act. To state a claim under Section 1125 of the Lanham Act for false or misleading advertising, a plaintiff must

prove that: "(1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) the plaintiff has been, or likely will be, injured as a result of the false or misleading statement." *Sovereign Military Hospitaller Order of St. John of Rhodes and of Malta v. Fla. Priory of Knights Hospitallers et al.*, 702 F.3d 1279, 1294 (11th Cir. 2012). To state a claim under the Lanham Act for contributory false or misleading advertising, a plaintiff must allege that "a third party in fact directly engaged in false advertising that injured the plaintiff. Second, the plaintiff must allege that the defendant contributed to the conduct either by knowingly inducing or causing the conduct, or by materially participating in it." *Duty Free Am., Inc. v. Estee Lauder Co., Inc.*, 797 F.3d 1248, 1277 (11th Cir. 2015).

Neither of Plaintiff's causes of action requires the names of Microsoft employees residing within the Southern District of Florida to prevail. An employee's place of primary residence has no impact whatsoever on Plaintiff's ability to prove its Lanham Act claims. The information sought in this interrogatory is of low to no probative value and its relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay, waste of time, and burden on Microsoft. Further, this information would not aid the Court in resolving the issues raised in this lawsuit. Finally, Microsoft objects to this interrogatory because it is overbroad and unduly burdensome in that it is not limited by any scope of time. This interrogatory also seeks personally identifiable information, and the privacy interests outweigh any supposed relevance. No information will be produced in response to Interrogatory No. 2.

**INTERROGATORY NO. 3:**

Please identify all Microsoft employees who have at least a basic understanding of how IP cloaking works.

**RESPONSE:** Microsoft objects to Interrogatory No. 3 because it is overbroad and unduly burdensome in that it calls for Microsoft to identify "all" Microsoft employees and is unlimited by any scope of time and geographic region. Further, what a "basic" understanding of IP cloaking entails is vague and ambiguous, making this request burdensome for Microsoft to identify all employees with such knowledge. Microsoft further objects to Plaintiff's definition of the term "IP cloaking" as vague and ambiguous, as discussed in Objection No. 4 above. Subject to and without waiving the foregoing objections, Microsoft states that at least the following employees have an understanding of "IP cloaking" as it relates to Safe Links:

1. Jason Rogers, Principal Program Manager Lead for Threat Protection
2. Krishnan Rangarajan, Principal Software Engineer
3. Ross Adams, Principal Program Manager for Threat Protection
4. Amar Patel, Principal Program Manager for Cloud Security
5. Abhijeet Hatekar, Principal Software Engineering Manager

**INTERROGATORY NO. 4:**

Please identify the amount of clicks that the URL https://products.office.com/enus/exchange/advance-threat-protection has received over its lifetime, as well as the amount of clicks that each of the "WATCH VIDEO" link, the Office 365 ATP e-book link, and the Office 365 ATP case study link on that URL have received over their respective lifetimes.

**RESPONSE:** Microsoft objects to this interrogatory on grounds that the phrase, or unit of measurement, "amount of clicks," with respect to the referenced URL, is ambiguous and does not make sense, as a URL is not "clicked" on, but rather is visited. Microsoft further objects to this interrogatory because it is overbroad and not limited in time, and is irrelevant and not proportional to the needs of the parties to the extent it seeks information prior to 2015, which is outside of the relevant time period as set forth in Plaintiff's Complaint. Subject to the foregoing objection, Microsoft refers Plaintiff to the document Bates stamped MSFT_TOC00001076_CONFIDENTIAL AEO, reflecting the number of visits to the referenced URL.

**INTERROGATORY NO. 5:**

Please identify the amount of clicks that the URL https://www.microsoft.com/enus/microsoft-365/exchange/advance-threat-protection has received over its lifetime, as well as the amount of clicks that each of the "Watch video" link, the Office 365 ATP e-book link, and the Office 365 ATP case study link on that URL have received over their respective lifetimes.

**RESPONSE:** Microsoft objects to this interrogatory on grounds that the phrase, or unit of measurement, "amount of clicks," with respect to the referenced URL, is ambiguous and does not make sense, as a URL is not "clicked" on, but rather is visited. Microsoft further objects to this interrogatory because it is overbroad and not limited in time, and is irrelevant and not proportional to the needs of the parties to the extent it seeks information prior to 2015, which is outside of the relevant time period as set forth in Plaintiff's Complaint. Subject to the foregoing objection, Microsoft refers Plaintiff to the document Bates stamped MSFT_TOC00001076_CONFIDENTIAL AEO, reflecting the number of visits to the referenced URL.

**INTERROGATORY NO. 6:**

Please identify which patents owned, held or licensed by Microsoft describe or claim the problem of links that deliver benign content to a security scanner and deliver malicious content to users when they click on them and/or describe or claim the problem of email links that redirect to a different destination after the email has been delivered, and include the patent numbers and paragraph number(s) of such patents where this is discussed.

**RESPONSE:** Microsoft objects to Interrogatory No. 6 because it seeks discovery regarding matters that are neither relevant to the claims or defenses asserted in the pending action nor proportional to the needs of this case. Specifically, Microsoft's ownership, holding, or license of any type of patent has no bearing on Plaintiff's ability to prove its causes of action against Microsoft for false advertising claims under the Lanham Act. Microsoft further objects to this Interrogatory because it is overbroad and unduly burdensome in that it is unlimited in timeframe. Microsoft also objects to this interrogatory to the extent it seeks a legal conclusion and/or privileged information regarding what the contemplated patents "describe or claim." Subject to and without waiving the foregoing objections, Microsoft refers TocMail to the documents Bates stamped MSFT_TOC0032427; MSFT_TOC00324296; MSFT_TOC00324320; MSFT_TOC00324338; MSFT_TOC00324353; MSFT_TOC00324370; MSFT_TOC00324386; MSFT_TOC00324405; MSFT_TOC00324423; MSFT_TOC00324439; MSFT_TOC00324472; MSFT_TOC00324505 from which it can ascertain the requested information.

**INTERROGATORY NO. 7:**

Please identify the month and year that Microsoft produced its first video in which Jeremy

Chapman stated the following: "meaning that the destination of that link is altered later to point to a malicious link."

> **RESPONSE:** Microsoft objects to Interrogatory No. 7 because it is vague, ambiguous, and overbroad in not providing any information regarding the purported video, including the subject, time frame, location where it can be accessed, and context for the partial quote provided. Without providing any further identifying information for the purported video and asking Microsoft to review all videos to locate the one referenced, this interrogatory is unduly burdensome for Microsoft. Subject to and without waiving the forgoing objections, Microsoft states that it first produced a video in which Jeremy Chapman stated, "meaning that the destination of that link is altered later to point to a malicious site" on February 1, 2019.

**INTERROGATORY NO. 8:**

Please identify what ways or methods are used more often or frequently than IP Cloaking to redirect users to unsafe sites through a forwarding service after the message has been received and, if any exist, please explain the basis for your answer that such way or method is used more often or frequently than IP Cloaking.

> **RESPONSE:** Microsoft objects to Plaintiff's definition of the term "IP cloaking" as vague and ambiguous, as discussed in Objection No. 4 above. Microsoft further objects to this interrogatory because it is overbroad in generally asking for frequently used hacking techniques without any limitation in time period or scope. Subject to and without waiving the foregoing objections, Microsoft states that, based on customer escalations and monitored trends, URL Scrambling, is a more pervasive hacking technique than IP evasion. Microsoft also directs Plaintiff to documents it has produced, including but not limited to,

11

MSFT_TOC00056667, and the deposition testimonies of Jason Rogers, Amar Patel, and Abhijeet Hatekar, as well as Microsoft's corporate representative depositions.

**INTERROGATORY NO. 9:**

Please identify every person who assisted with, or with whom you consulted or relied on, in the preparation of the answers to these Interrogatories, and any other person who otherwise constitutes a source of information for the answers to these Interrogatories, including the full name, address, and position(s) with Plaintiff (if any) of each such person.

**RESPONSE:** Microsoft objects to this interrogatory to the extent it seeks information that is irrelevant to the claims and defenses at issue and is not proportional to the needs of the parties in this case. Microsoft further objects to this interrogatory to the extent it seeks information that is privileged or protected by the attorney-client privilege and/or work product doctrine. Furthermore, this interrogatory is overbroad in seeking the disclosure of individuals who are not attesting to the responses herein and thus imposes an obligation beyond what is contemplated by the Federal Rules of Civil Procedure. Subject to and without waiving the forgoing objections, Microsoft states that the following individuals provided substantive information for the preparation of this Response:

1. Amar Patel, Principal Program Manager for Cloud Security
2. Jason Rogers, Principal Program Manager Lead for Threat Protection
3. Krishnan Rangarajan, Principal Software Engineer

Case No: 0:20-cv-60416-AMC

Dated: March 15, 2021 Respectfully submitted,

/s/ *Evelyn A. Cobos*
Evelyn A. Cobos

**GREENBERG TRAURIG, LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile: (713) 374-3505
MARY-OLGA LOVETT
Email: lovettm@gtlaw.com

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
orizondol@gtlaw.com
EVELYN A. COBOS
Florida Bar No. 106937
Email: cobose@gtlaw.com
FLService@gtlaw.com
***Attorneys for Microsoft Corporation***

Case No: 0:20-cv-60416-AMC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021, the foregoing document is being served this day on all counsel of record on the service list via electronic mail.

/s/ *Evelyn A. Cobos*
EVELYN A. COBOS

## SERVICE LIST

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*