# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60416-RS

TOCMAIL INC., a Florida corporation,

    Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

    Defendant.

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO
SECOND REQUEST FOR PRODUCTION BY PLAINTIFF TOCMAIL, INC.**

Defendant, Microsoft Corporation ("Microsoft"), pursuant to Rules 26 and 346 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff TocMail, Inc.'s Second Request for Production of Documents and Things, as follows:

**PRELIMINARY STATEMENT**

1. Microsoft's investigation of facts and discovery of documents and other information relating to the claims and defenses at issue is ongoing. Accordingly, Microsoft's responses herein are based upon Microsoft's current knowledge and reasonable belief. Microsoft reserves the right to produce evidence of any subsequently discovered fact, modify and/or supplement any and all of its objections and responses herein, and to otherwise assert factual and legal contentions as additional facts are ascertained, analysis is made and legal research is completed.

2. Nothing in these responses is an admission by Microsoft of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any document. Microsoft reserves all objections and other questions

as to the competency, relevance, materiality, privilege, or admissibility related to the use of any document or thing produced in response to these requests as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

3. Microsoft's agreement to produce any category of documents is not a representation that any such documents actually exist in that category, or that Microsoft will produce documents in the category that are subject to immunity or privilege, or that Microsoft will produce documents that are outside of Microsoft's possession, custody, or control. Microsoft's discovery and investigation in connection with this litigation are continuing. As a result, Microsoft's responses are limited to information obtained to date, and are given without prejudice to Microsoft's right to amend or supplement its responses after considering information obtained through further discovery or investigation.

4. Microsoft will produce non-privileged, responsive documents that are available and kept in the ordinary course of business on a rolling basis, beginning on September 9, 2020, to the extent they exist and/or are available following a reasonable search.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Microsoft objects to each definition and instruction to the extent it seeks to impose requirements or obligations on Microsoft beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties in this action. Microsoft further objects to each definition and instruction to the extent that it purports to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, and uncertain.

2. Microsoft objects to TocMail's Instruction Nos. 1 and 2 because both instructions impermissibly dictate Microsoft's manner of production. Microsoft will produce documents and

Case No: 0:20-cv-60416-RS

things in the manner agreed to by the parties, pursuant to the Agreed Confidentiality Order entered in this case and agreements regarding electronic discovery, or as allowable under Federal Rule of Civil Procedure 34.  Microsoft further objects to each request that seeks information that is not reasonably accessible or available, is not kept in the ordinary course of business, requires that Microsoft restore or backup tapes, disks, SAN, and other forms of media, or otherwise imposes an undue obligation on Microsoft.

3.   Microsoft objects to TocMail's definition of the term "Safe Links" as "Microsoft's ATP Safe Links." This definition is circular and vague, among other things. Microsoft's Safe Links is a feature within its Advanced Threat Protection ("ATP") service, which operates inside Microsoft's cloud-based Exchange Online Protection ("EOP") servers.

4.   Microsoft objects to the term "IP Cloaking," which is defined by TocMail as links that send benign content when devices with certain IP Addresses connect and send malicious content when devices with other IP Addresses Connect. This term is vague, ambiguous, and appears to refer to several IP-based evasion techniques.

5.   Microsoft objects to the term "IP Cloaked Link," which is defined by TocMail as hyperlinks that "hide malicious content and/or hide a redirect to a malicious site from … EOP and Safe Links[.]" Microsoft objects to the use of this vague and ambiguous definition and any implication and/or mischaracterization that Microsoft's EOP and/or Safe Links fails to protect its users from cyberattacks through what TocMail calls "IP Cloaking" or "IP Cloaked Links."

6.   Microsoft objects to each and every request seeking financial, marketing, and subscription information concerning ATP.  ATP is sometimes sold separately as a standalone plan but is also sometimes included with certain Office 365 suites.  Furthermore, Safe Links is merely one of several features of the ATP service.  Consequently, information on costs, profits, marketing,

3

users, and subscriptions as it relates to Safe Links, or even ATP, may not be discretely identifiable or available. Similarly, the information and documents that are available and that may be provided in response to any requests are subject to such caveats and may not, in themselves, be taken to accurately reflect information on Safe Links and/or ATP specifically. The number of purchases of ATP or of Microsoft products, licenses, or subscriptions that include the ATP service does not necessarily indicate the number of users of Safe Links or ATP at any given time, the number of activated accounts at any given time, nor does it reflect the amount of paid subscriptions at any given time.

**RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS**

25. Documents and things sufficient to show or reflect the total number of ATP included subscriptions sold by Microsoft from January 1, 2015 through the present, including documents showing, reflecting or evidencing the same on an annual, monthly and quarterly periodic basis.

> **RESPONSE**: Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome. Microsoft further objects to this request, which is not limited to Safe Links but seeks information on ATP, for the reasons stated above in Objection No. 6. Microsoft also objects to this request because it seeks information on annual, monthly, and quarterly bases, in which the information is not kept in the ordinary course of business or is not reasonably available. Subject to and without waiving the forgoing objections, Microsoft will produce non-privileged, responsive documents that are reasonably available and kept in the ordinary course of business, to the extent they exist. Specifically, Microsoft

will produce information on the number of seats/units (or subscriber count) for Office 365 commercial offerings, including ATP standalone plans and Office 365 Suites that contain ATP, as well as for Office 365 consumer offerings, including Office 365 Personal/Family, for the U.S. and Puerto Rico for the period of January 2015 through June 2020. Seat data represents the number of seats at the end of the fiscal period and cannot be summed over periods. Microsoft will also provide the units of Surface devices sold within the U.S. and Puerto Rico with a 1-year subscription to Office 365 Consumer for the same time period.

26. Documents and things sufficient to show or reflect Microsoft's gross revenue received from the sale of ATP included subscriptions, including documents showing, reflecting or evidencing the same on an annual, monthly and quarterly periodic basis, from January 1, 2015 through the current date.

**RESPONSE**: Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome. Microsoft further objects to this request, which is not limited to Safe Links but seeks information on ATP, for the reasons stated above in Objection No. 6. Microsoft also objects to this request because it seeks information on annual, monthly, and quarterly bases, in which the information is not kept in the ordinary course of business or is not reasonably available. Subject to and without waiving the forgoing objections, based on a reasonable search, Microsoft states that revenues and expenses are not attributable at the feature level (i.e., Safe Links and/or ATP). Notwithstanding this, Microsoft will produce non-privileged, responsive documents that are reasonably available and kept in the ordinary course of business, to the extent they exist. Specifically, Microsoft will

produce information on adjusted revenue for sales of ATP standalone plans and offerings that include ATP including Microsoft 365 Security Suite, Office 365 Commercial Suites, Microsoft 365 Consumer, and Surface with Microsoft 365 Consumer, in the U.S. and Puerto Rico for the period of January 2015 through June 2020.

27. Documents and things sufficient to show the price or prices charged by Microsoft for ATP included subscriptions from January 1, 2015 through the current date.

**RESPONSE**: Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome. Microsoft further objects to this request, which is not limited to Safe Links but seeks information on ATP, for the reasons stated above in Objection No. 6. Subject to and without waiving the forgoing objections, Microsoft will produce non-privileged, responsive documents that are reasonably available and kept in the ordinary course of business, to the extent they exist. Specifically, U.S. price lists for ATP standalone plans and Microsoft offerings that include ATP will be provided for the period of 2015 through 2020, to the extent available.

28. Documents and things sufficient to show or reflect Microsoft's profit margins on ATP included subscriptions.

**RESPONSE**: Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome. Microsoft further objects to this request, which is not limited to Safe Links but seeks information on ATP, for the reasons stated above in Objection No. 6.

6

Subject to and without waiving the forgoing objections, Microsoft states that based on a reasonable search there are no systematic profitability reports (profit and loss) kept in the ordinary course of business specific to Office 365 features or workloads, including Safe Links and ATP, and revenue and expenses are not attributable at the feature level. Furthermore, based on a reasonable search, costs related to ATP and Safe Links are not discretely identifiable within Microsoft's cost reporting system. Notwithstanding this, Microsoft will produce non-privileged, responsive documents that are reasonably available and kept in the ordinary course of business, to the extent they exist. Specifically, Microsoft will produce worldwide Gross Margin and Product Breakdown reports for fiscal years 2016 (which includes 2015) through 2020.

29. Documents and things sufficient to show or reflect the total amounts expended to advertise, promote or market Office 365 Advanced Threat Protection, including documents showing, reflecting or evidencing the same on an annual, monthly and quarterly periodic basis, from January 1, 2015 through the present.

**RESPONSE**: Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome. Microsoft further objects to this request, which is not limited to Safe Links but seeks information on ATP, for the reasons stated above in Objection No. 6. Microsoft also objects to this request because it seeks information on annual, monthly, and quarterly bases, in which the information is not kept in the ordinary course of business or is not reasonably available. Subject to and without waiving the forgoing objections, Microsoft states that based on a reasonable search costs and expenses are not attributable

7

at the feature level. Furthermore, based on a reasonable search, costs related to ATP and Safe Links are not discretely identifiable within Microsoft's cost reporting system. As such, based on a reasonable search there are no responsive documents kept in the ordinary course of business reflecting advertising and promotional costs for ATP.

30. Documents and things sufficient to show all costs and expenses that Microsoft claims should be deducted from gross revenue received from the sale of ATP included subscriptions to calculate Microsoft's profits on ATP included subscriptions from January 1, 2015 through the present.

**RESPONSE**: Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome. Microsoft further objects to this request, which is not limited to Safe Links but seeks information on ATP, for the reasons stated above in Objection No. 6. Additionally, this request is duplicative of Request No. 28. Microsoft also objects to this request to the extent that, by asking how calculations should be made, it seeks information that is protected by the attorney-client privilege and/or work product doctrine or improperly seeks an expert opinion. Subject to and without waiving the forgoing objections, Microsoft states based on a reasonable search that there are no systematic profitability (profit and loss) reports kept in the ordinary course of business specific to Office 365 features or workloads, including Safe Links and ATP, and revenue and expenses are not attributable at the feature level. Furthermore, based on a reasonable search costs related to ATP and Safe Links are not discretely identifiable within Microsoft's cost reporting system. As such, based on a reasonable search there are no

responsive documents kept in the ordinary course of business to show costs and expenses related to ATP and Safe Links or reflect profits from this feature.  See also responses to Request Nos. 28 and 29.

31. Documents and things sufficient to show the number of Safe Links users on an annual, monthly and quarterly periodic basis for January 1, 2015 through the present.

**RESPONSE**:  Microsoft objects to this request because it is not limited in geographic scope, and as such, it is overbroad, seeks information that is irrelevant to the claims and defenses at issue in this case and is not proportional to the needs of the parties, and is unduly burdensome.  Microsoft further objects to this request for the reasons stated above in Objection No. 6.  Microsoft also objects to this request because it seeks information on annual, monthly, and quarterly bases, in which the information is not kept in the ordinary course of business or is not reasonable available. Subject to and without waiving the forgoing objections, Microsoft will produce non-privileged, responsive documents that are reasonably available and kept in the ordinary course of business, if any exist, reflecting the number of ATP users in the U.S. and Puerto Rico from January 2015 to June 2020.

Dated: September 9, 2020

Respectfully submitted,

*/s/ Evelyn A. Cobos*
Evelyn A. Cobos

**GREENBERG TRAURIG, LLC**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3541
Facsimile:  (713) 374-3505
MARY-OLGA LOVETT (*admitted pro hac vice*)
Email: lovettm@gtlaw.com

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400

Case No: 0:20-cv-60416-RS

Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
FRANCISCO O. SANCHEZ
Florida Bar No. 598445
Email: sanchezo@gtlaw.com
       orizondol@gtlaw.com
EVELYN A. COBOS
Florida Bar No. 106937
Email: cobose@gtlaw.com
       FLService@gtlaw.com

***Attorneys for Defendant***,
MICROSOFT CORPORATION

Case No: 0:20-cv-60416-RS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2020, I served for foregoing document on all counsel of record identified on the below Service List in the manner specified.

/s/ *Evelyn A. Cobos*
EVELYN A. COBOS

## **SERVICE LIST**

JOHNSON & MARTIN, P.A.
Joshua D. Martin
500 W. Cypress Creek Rd., Suite 430
Ft. Lauderdale, FL 33602
Tel: (954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

*Attorneys for Plaintiff*